STATE v. JAMES F. AUSTIN.

*False Pretence—Judge's Charge.*

1. A charge is erroneous which, in attempting to describe the offence of obtaining a signature by false pretences, as declared in Bat. Rev. ch. 32, § 67, omits to direct attention to the fraudulent intent of the defendant as a necessary ingredient of the crime.

2. While, in the absence of a prayer for instructions from counsel, omission of the Judge to charge in a particular way is not assignable for error, yet, if he should undertake to state the law, and in so doing, should neglect to mention an essential constituent of the offence charged, the defendant if convicted is entitled to a new trial.

(*State* v. *O'Neal*, 7 Ire. 251; *State* v. *Johnson*, 1 Ire. 354; *Bynum* v. *Bynum*, 11 Ire. 632, cited and approved.)

INDICTMENT for obtaining Signature by False Pretence

tried at Spring Term, 1878, of UNION Superior Court, before *Moore, J.*

This indictment was drawn under Bat. Rev. ch. 32 § 67, and charged that the defendant procured and induced one Sidney Allen to execute to him a note under seal for fifty dollars, dated on the 9th of December, 1875, and payable on or before the 1st of October, following, and also a chattel mortgage to secure the same, by falsely and fraudulently representing that he had bought of one J. W. Collins and was then owner of a note of twenty-five dollars and a chattel mortgage to secure it, which had previously been given by Allen to Collins, with intent to cheat and defraud the said Sidney Allen.

On the trial, witnesses were examined for the State to prove the allegations contained in the bill of indictment, and the note and mortgage charged to have been executed under the false and fraudulent representations, were offered in evidence to the jury. To the introduction of these papers, the defendant's counsel made objection, and on being asked upon what grounds the objection was made, refused to assign any, and the evidence was admitted.

Collins was examined and denied having sold his claim on Allen to the defendant, and said he had sold it to one Alfred Nance; and Nance testified that he did not sell it to the defendant. The defendant offered in evidence a paper writing purporting to be an assignment from Collins to the defendant of his claim on Sidney Allen. Witnesses were then introduced on both sides as to the genuineness of the signature to the assignment, some of whom were of the opinion that it was the hand-writing of Collins, and others, that it was forged.

The case states that "the only contested fact was whether Collins had assigned his interest to the defendant."

The Court charged the jury "that the whole matter turned upon the signature to the instrument introduced by the de-

fendant and claimed to be an assignment to him of the Sidney Allen claim ; that if said Collins did sign that instrument, the defendant was not guilty ; that if they were not satisfied as to whether or not said Collins signed said instrument, they would acquit the defendant." No other part of the charge was objected to ; and it is not deemed necessary to notice any other exception taken by the defendant. There was a verdict of guilty. Judgment. Appeal by the defendant.

*Attorney General* and *J. F. Payne,* for the State.

*Messrs. Covington & Vann* and *W. H. Pace,* for the defendant.

SMITH, C. J.· (After stating the case as above.) We discover no error in the ruling of the Court in regard to the evidence received, and no reason for excluding it was given to the Judge who tried the cause, and none has been pointed out on the argument here.

But the exceptions to the instructions given to the jury must be sustained. There is a·fatal objection to the instructions, in that, they fail to call to the attention of the jury an important element in the offence charged,—the *fraudulent intent* of the defendant. His guilt does not en· tirely depend upon the question of the genuineness of the signature to the assignment. If the defendant acted under the belief that Collins executed the assignment ·and subscribed his name thereto, although in fact he did not, the defence would be complete. The indictment alleges as well the intent to defraud as the overt act to make it successful, and both must be proved to warrant conviction. The Judge therefore did not correctly state the law, and his charge was calculated to mislead the jury.

Had the Judge simply omitted to give an instruction to which the defendant would have been entitled, had he asked

it, he would not have any just ground of complaint. It is the duty of counsel to ask for such instruction and give the Judge an opportunity to give or refuse it, and not to take the chances of a verdict, and if unfavorable, object that an unasked instruction was not given. But when the Judge undertakes to state the law, he must state it correctly. In defining an offence and the evidence required to establish it, an omission of an essential ingredient is a misdescription of the offence itself. The Court must administer the law correctly, and even an admission of counsel will not excuse an error in expounding its principles to the jury. *State* v. *O'Neal,* 7 Ire. 251; *State* v. *Johnson,* 1 Ire. 354; *Bynum* v. *Bynum,* 11 Ire. 632. Without adverting to other points presented in the argument, for the error in the charge the verdict must be set aside and a *venire de novo* awarded.

Error. *Venire de novo.*