### STATE v. LACY SCOGGINS AND NEWT THOMPSON.

(Filed 21 March, 1945.)

**1. Criminal Law § 52b—**

　　The established rule, on a motion for judgment of nonsuit in a criminal prosecution, requires that the evidence be considered in the light most favorable for the State, and that, if there be any competent evidence to support the charge contained in the bill of indictment, the case is one for the jury.

**2. Homicide §§ 7b, 25—**

　　In a criminal prosecution, defendants having been convicted of manslaughter, where the State offered evidence tending to show that defendants, deceased and two women were in two boats on a pond, that all of them were drinking except one of the women and there was a jar of whiskey in one of the boats, that defendant S., in a boat by himself, tilted the other boat so that all of its occupants except deceased were thrown into water three feet deep, and upon the refusal of deceased to give S. the remainder of the whiskey, S. struck the deceased three sharp blows on the head with a paddle, knocking him flat in the boat and apparently rendering him unconscious, and then both defendants, standing in the water, took hold of the boat in which deceased was lying and turned it bottom up, throwing deceased into the pond, his inert body floating away, with no attempt to aid or rescue him, and the next morning the dead body was recovered and the death being due to drowning, there is evidence of involuntary manslaughter at least, and motion of nonsuit was properly overruled and the case submitted to the jury.

**3. Criminal Law § 41e—**

　　Upon an attempt to impeach the credibility of a State's witness, it is competent for the State to show that previously the witness had made statements similar to the testimony of such witness on the stand, the jury being cautioned that such statements may be considered only for the purpose of corroborating the witness and not as substantive evidence. Discrepancies between such previous statements and the testimony of the witness, not material or prejudicial to defendant, do not affect the competency of the corroborative evidence.

**4. Criminal Law § 53e—**

  In a criminal prosecution for manslaughter, the use by the court of the word "killing," in referring to the degrees of homicide cognizable under the bill of indictment, is not harmful error, where its use could not be interpreted as an · expression of opinion by the court, considering the charge as a whole and the connection in which the word was used.

**5. Criminal Law §§ 40, 53f—**

  On trial under an indictment for manslaughter, no prejudicial error may be predicated upon failure of the court to charge the jury that evidence of good character of defendants should be considered as substantive evidence, in the absence of a request so to charge.

APPEAL by defendants from *Bone, J.,* at October Term, 1944, of LEE. No error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Walter D. Siler and Gavin, Jackson & Gavin for defendants.*

DEVIN, J. The defendants were convicted of manslaughter in connection with the death by drowning of Leonard Hall. From judgment imposing prison sentence they appealed, assigning errors.

1. The defendants contend there was error in the denial of their motion for judgment as of nonsuit. They argue that there was no substantial evidence of malice, intentional slaying, or culpable negligence which would warrant submission of the case to the jury, or support a conviction for manslaughter, particularly as to defendant Thompson.

The established rule in this jurisdiction, on a motion for judgment of nonsuit, requires that the evidence be considered in the light most favorable for the State, and that if there be any competent evidence to support the charge contained in the bill of indictment the case is one for the jury. Examination of the record in the case at bar, in accord with this rule, discloses that the State offered evidence tending to show that on the afternoon of Sunday, 4 June, 1944, the two defendants, the deceased, and two girls, Nellie Fore and Martha Ray Hall, were in two boats on Morris Pond. The three men were drinking, as was also Nellie Fore. There was a jar of whiskey in one of the boats. The boats were close together when defendant Scoggins, who was at the time alone in one boat, tilted the other boat so that all of its occupants except the deceased were thrown into the water. The depth there was about three feet. Following the refusal of the deceased to give him the remainder of the whiskey, Scoggins struck the deceased three sharp blows on the head with a boat paddle, knocking him flat in the boat and apparently rendering him unconscious. To a witness who was on the bank the blows sounded

like pistol or rifle shots, and the two girls began screaming. Then defendants Scoggins and Thompson, standing in the water, took hold of the boat in which deceased was lying and turned it bottom up, throwing deceased into the pond, and his inert body floated away. No attempt was made by defendants to aid or rescue him. The body of deceased was next morning recovered from the bottom of the pond. It was found that while there were bruises on his face and head, death was due to drowning. It also appeared that Scoggins, in the presence of Thompson, threatened Nellie Fore if she told what had happened.

We think this evidence, which tends to show that an assault was made upon the deceased and that immediately thereafter his apparently unconscious body by the act of both defendants was thrown into the water and allowed to drown, permits the reasonable inference of an unlawful slaying, and was properly submitted to the jury. If the defendants be absolved of the imputation of malice there is still evidence of such unlawful conduct and intentional acts of violence causing the death of the deceased as would render the defendants amenable to the charge of manslaughter, or at least to involuntary manslaughter as defined by this Court in S. v. Rountree, 181 N. C., 535, 106 S. E., 669. The principles of law applicable to these phases of the evidence were properly presented to the jury by the trial judge.

True, the defendants testifying in their own behalf denied having any difficulty with deceased, and asserted that they were all friendly, that deceased was brother-in-law of defendant Thompson, that the boat was accidentally overturned, and that as deceased was a good swimmer they paid no attention to him but helped the girls out. But the jury has accepted the State's testimony as true and upon it has found both defendants guilty of unlawfully causing the death of Leonard Hall, and as there was competent evidence to support that finding the verdict must be upheld.

2. The defendants noted exception to the admission in evidence, over objection, of a previous statement in writing by Nellie Fore. This was admitted by the court with the caution to the jury that it was to be considered only for the purpose of corroborating the testimony of Nellie Fore, if they found it did corroborate her, and that it was not substantive evidence and should not be so considered. In this ruling we see no error. The credibility of Nellie Fore's testimony for the State was sought to be impeached. It was therefore competent for the State to show that previously she had made statements similar to her testimony on the stand. S. v. Maultsby, 130 N. C., 664, 41 S. E., 97; S. v. Bethea, 186 N. C., 22, 118 S. E., 800; S. v. Gore, 207 N. C., 618, 178 S. E., 209. While there were some discrepancies between the previous statement and her testimony, these were not material or prejudicial to the defendants.

Limitations upon the rule stated are pointed out in *S. v. Melvin*, 194 N. C., 394, 139 S. E., 762. An exhaustive collection of North Carolina cases on this point will be found in 140 A. L. R., 29, *et seq*. See also Supreme Court Rule 21, 221 N. C., 558.

3. Defendants' exception to the use by the court of the word "killing," in referring to the degrees of homicide cognizable under the bill, is untenable. Considering the charge as a whole and the connection in which the word was used, this could not be interpreted as an expression of opinion by the court.

4. Defendants noted numerous other exceptions to the charge, and argued that the manner of statement of the law and of the evidence and contentions of the State and defendants was prejudicial, but we do not concur in this view, and after an examination of the charge, in the light of this criticism, we conclude that none of the exceptions can be sustained. Nor may prejudicial error be predicated upon failure of the court to charge the jury that evidence of good character of the defendants should be considered as substantive evidence, in the absence of request so to charge. *S. v. Sims*, 213 N. C., 590, 197 S. E., 176.

All the assignments of error based upon exceptions noted by the defendants during the trial, whether herein specifically referred to or not, have been duly considered, and found without substantial merit.

In the trial we find

No error.