STATE v. MILES HERNDON DAVIS.

(Filed 29 March, 1950.)

1. **Criminal Law § 77d—**
   The record imports verity and the Supreme Court is bound thereby.

2. **Criminal Law § 40b—**
   Defendant is entitled to have evidence of his general reputation as a man of good moral character considered by the jury as substantive proof of his innocence, and an instruction that it constituted "substantive evidence bearing upon the defendant's credibility as a witness" must be held for reversible error.

APPEAL by defendant from *Parker, J.,* October Term, 1949, of PITT.

Criminal prosecution on indictment charging the defendant with crime against nature.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Imprisonment in the State's Prison for a term of not less than five nor more than seven years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Albion Dunn for defendant.*

STACY, C. J.   The following excerpt from the charge forms the basis of one of the defendant's exceptive assignments of error:

"The defendant further contends and says that he has offered evidence that he bears the general reputation of being a man of good moral character.   The court instructs you that that is substantive evidence bearing upon the defendant's credibility as a witness, that is, his worthiness of belief when he testified in this case for himself."

It seems quite probable that something may have been omitted by the reporter in transcribing the portion of the charge here assigned as error. However this may be, the record imports verity and we are bound by it. *S. v. Dee,* 214 N.C. 509, 199 S.E. 730; *Gorham v. Ins. Co.,* 215 N.C. 195, 1 S.E. 2d 569.

Speaking to a similar instruction in the case of *S. v. Moore,* 185 N.C. 637, 116 S.E. 161, *Hoke, J.,* delivering the opinion of the Court, commented as follows:

"It is fully recognized in this jurisdiction that in an indictment for crime, a defendant may offer evidence of his good character and have same considered as substantive testimony on the issue of his guilt or innocence.   And where in such case a defendant has testified in his own behalf and evidence of his good character is received from him, it may be considered both as affecting the credibility of his testimony and as substantive evidence on the issue.   *In re McKay,* 183 N.C. 226-228; *S. v. Morse,* 171 N.C. 777; *S. v. Cloninger,* 149 N.C. 578; *S. v. Traylor,* 121 N.C. 674; *S. v. Hice,* 117 N.C. 782."   See, also, *S. v. McMahan,* 228 N.C. 293, 45 S.E. 2d 340; *S. v. Wagstaff,* 219 N.C. 15, 12 S.E. 2d 657; *S. v. Ferrell,* 202 N.C. 475, 163 S.E. 563; *S. v. Whaley,* 191 N.C. 387, 132 S.E. 6.

Following the precedent set in the *Moore Case,* a new trial will be ordered here.

New trial.