STATE v. ROBERT L. BRIDGERS.

(Filed 9 May, 1951.)

**1. Criminal Law § 42d—**

Evidence of good character of witnesses for the State is not substantive evidence but is competent only as bearing upon their credibility.

**2. Criminal Law §§ 40b, 40c—**

Where defendant testifies and then offers evidence of his good character, he is entitled to have the jury consider his character evidence both as bearing upon his credibility and as substantive evidence bearing directly upon the issue of his guilt or innocence.

**3. Criminal Law § 53i—**

Where the court undertakes to charge upon the character evidence of the State's witnesses and of defendant, who had testified at the trial, a charge to the effect that the character evidence of both sides was direct testimony and should be taken into consideration in finding the facts in the case, must be held for reversible error, defendant being entitled to an instruction, if the matter is adverted to, that evidence of his good character should be taken into consideration both on the question of his credibility and as substantive evidence upon the question of his guilt or innocence.

**4. Criminal Law § 53b—**

An instruction to the effect that evidence of an alibi need raise only a reasonable doubt of defendant's guilt to entitle him to an acquittal will not be held for reversible error when construed contextually with other portions of the charge categorically instructing the jury that an alibi is not a defense and that the burden of proof thereon does not rest upon defendant, but that the burden rests upon the State to show beyond a reasonable doubt all elements of the crime, including defendant's presence at the scene when necessary to the offense. Such instruction is not approved and the correct form of a charge upon the question is given.

APPEAL by defendant from *Hatch, Special Judge,* and a jury, at December Criminal Term, 1950, of WAKE.

Criminal prosecution tried upon a bill of indictment charging the defendant with the perpetration of the following offenses: (1) breaking and entering a dwelling house occupied by Frances Hall and Mary Ellen Hall, with intent to commit larceny therein; and (2) larceny of a billfold and three dollars in money, the property of Frances Hall.

Verdict: Guilty of breaking and entering and larceny as charged in the bill of indictment.

Judgment: Imprisonment in the State's Prison for a term of not less than two nor more than five years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Brassfield & Maupin and Butler Thompson for defendant, appellant.*

JOHNSON, J. The defendant's chief assignment of error relates to the charge of the court bearing on the character evidence offered below by both sides. The State offered testimony as to the good character of its witnesses, Frances and Mary Ellen Hall. The defendant, after taking the stand as a witness in his own behalf, offered five witnesses who testified to his good character. The trial court's single reference to the character evidence is embodied in the following instruction, to which the defendant excepted:

"I charge you further, gentlemen of the jury, that character testimony is direct testimony and you are to take the character testimony into consideration in finding the facts in this case. Character testimony was offered by the two Hall girls as well as character testimony of the defendant in this case was offered by the defendant."

By this instruction the jury, we think, was inadvertently led to believe that the character evidence offered both by the State and by the defendant should be weighed and considered alike, whereas the evidence of the defendant's good character is controlled by a rule different from that applicable to the evidence regarding the character of the two State's witnesses. The testimony as to the character of the witnesses for the State was not substantive evidence; it was relevant and material only as bearing upon the credibility of their testimony. *S. v. Jeffreys,* 192 N.C.. 318, 135 S.E. 32; and *In re McKay,* 183 N.C. 226, 111 S.E. 5.

On the other hand, it is observed that the defendant went upon the witness stand. Then, when he offered evidence of his good character, he thereby placed his character directly in issue. Consequently, he was entitled to have the jury consider the evidence of his good character in a dual aspect: (1) as bearing upon his credibility as a witness in his own behalf,—his veracity and worthiness of belief; and (2) as substantive evidence, bearing directly upon the issue of his guilt or innocence of the crime charged, upon the theory that a man of good character, who has pursued an honest and upright course of conduct, is unlikely to deviate therefrom and do a dishonest act inconsistent with the record of his past life. *S. v. Colson,* 193 N.C. 236, 136 S.E. 730; *S. v. Nance,* 195 N.C. 47, 141 S.E. 468. See also Stansbury, North Carolina Evidence, Sec. 108, pp. 204 and 205.

True, our decisions hold that, as a general rule, prejudicial error may not be predicated upon failure of the trial judge to charge the jury that evidence of good character of the defendant should be considered as substantive evidence, in the absence of a request for such instruction (*S. v.*

*Scoggins,* 225 N.C. 71, 33 S.E. 2d 473), the reason being that such evidence, when related to the charge of the court, is ordinarily treated as a subordinate phase of the case. *S. v. Sims,* 213 N.C. 590, p. 594, 197 S.E. 176. But be that as it may, when the trial court undertakes to instruct upon character evidence, it then becomes his duty, without special request, to expound and explain correctly the law applicable to its different phases. See *S. v. Austin,* 79 N.C. 624 (second headnote), and *Jarrett v. Trunk Co.,* 144 N.C. 299, p. 301, 56 S.E. 937. And where, as in the instant case, the defendant has placed his character in issue by offering testimony as to his good character, it would seem to be prejudicial error for the court to give a limited charge to the jury, directing attention to the fact that the State as well as the defendant has offered character evidence, with instruction that the jury shall consider the evidence of both sides merely as direct evidence, without going further and explaining to the jury that they should consider in its dual aspect the defendant's evidence of good character. *S. v. Davis,* 231 N.C. 664, 58 S.E. 2d 355; *S. v. Moore,* 185 N.C. 637, 116 S.E. 161.

Error is also assigned in a portion of the charge relating to the defendant's evidence of alibi. He offered evidence tending to show that at the time charged he was in bed at his rooming house some eight blocks distant from the scene of the alleged crime. On this phase of the case, the trial judge charged the jury in part as follows (with the defendant's exception relating only to the last sentence, shown in parenthesis) :

"the defendant in this case relies in part on what is known as an 'alibi'; 'alibi' means 'elsewhere'; it is not, properly speaking, a defense within any accurate meaning of the word 'defense' but is a mere fact which may be used to call in question the identity of the person charged, or the entire basis of the prosecution; the burden of proving an alibi, however, does not rest upon the defendant; the burden of proof never rests upon the accused to show his innocence or to disprove the facts necessary to establish the crime with which he is charged. The defendant's presence and his participation in the crime charged are affirmative, material facts which the prosecution, that is, the State of North Carolina, must show beyond a reasonable doubt to sustain a conviction. For the defendant to say he was not there is not an affirmative proposition; it is a denial of the existence of a material fact in the case. (It is only necessary for the defendant in his defense to produce such an amount of testimony, whether by evidence tending to show an alibi or otherwise, as to produce in the minds of the jury a reasonable doubt of his guilt.)"

The foregoing portion of the charge to which exception is taken by the defendant, if lifted out of context and considered separate and apart from the rest of the charge, would seem to be susceptible, as suggested by

the defendant, of being interpreted as placing on the defendant the burden of producing evidence sufficient to raise a reasonable doubt as to his guilt, contrary to our decisions holding that an accused person may not be burdened with establishing his innocence. *S. v. Josey,* 64 N.C. 56; *S. v. Reitz,* 83 N.C. 634.

However, it is observed that in the instant case the charge as to alibi, including the challenged portion thereof, appears to follow almost *verbatim* the instructions which were reviewed by this Court in *S. v. Jaynes,* 78 N.C. 504 (p. 506), and *S. v. Sheffield,* 206 N.C. 374 (pp. 384 and 385), 174 S.E. 105, where under application of the doctrine of contextual construction the charges were upheld, as were similar inexact charges in *S. v. Starnes,* 94 N.C. 973; *S. v. Freeman,* 100 N.C. 429, 5 S.E. 921; and *S. v. Rochelle,* 156 N.C. 641, 72 S.E. 481.

Therefore, in the instant case, upon a contextual interpretation of the charge as a whole, the challenged portion may not be held prejudicial. *S. v. Jaynes, supra* (78 N.C. 504), and *S. v. Sheffield, supra* (206 N.C. 374).

Nevertheless, we deem it appropriate to suggest that the form of the charge as given in the instant case may be brought more nearly into accord with the tenor of our better reasoned decisions by substituting for the challenged portion of the instruction a statement in substance as follows:

"Therefore, the defendant's evidence of alibi is to be considered by you like any other evidence tending to refute or disprove the evidence of the State. And if upon consideration of all the evidence in the case, including the defendant's evidence in respect to alibi, there arises in your minds a reasonable doubt as to the defendant's guilt, he should be acquitted."

This is also in conformity with the weight of authority in other jurisdictions, sustaining the rule that by offering evidence tending to prove an alibi, an accused person is not thereby saddled with an independent burden of proving the alibi as an affirmative defense. The proper rule to be followed by the jury in weighing and considering evidence of an alibi is concisely stated in the annotation appearing in 29 A.L.R., p. 1127:

"The offering of evidence to prove an alibi should not be regarded as in any sense an attempt to prove an independent, affirmative defense. The prosecution must prove the defendant's presence (in those cases where presence is essential to the commission of the crime charged) beyond a reasonable doubt, and the defendant may, by any legitimate evidence, rebut or disprove this essential factor in the case for the prosecution. One means of disproving presence at the scene of the alleged crime at the time of its commission is obviously by proof of presence elsewhere. And this is the sole purpose of evidence to prove an alibi,—

to negative this essential factor in the State's case, the same as any other evidence tending to rebut or disprove the commission of a crime by the defendant. And it is apparently an erroneous view of the matter to regard an alibi as an independent defense at all, and to introduce the question of burden of proof into that issue." See also Annotations: 67 A.L.R. 138, and 124 A.L.R. 471.

As the exceptions presented by the other exceptive assignments of error may not arise again, we refrain from discussing them.

New trial.