## STATE v. WILLIAM WORTHAM.

### (Filed 14 April, 1954.)

**1. Bastards § 6—Evidence held sufficient for jury in this prosecution for willful failure to support illegitimate child.**

Testimony to the effect that defendant admitted he was the father of prosecutrix' child, that though he gave prosecutrix' mother a small sum of money for the child on one occasion, he had since refused to support it, that letters written by the Welfare Department relative to his responsibility for the child's support were mailed to him and not returned to the sender, and that he admitted having intercourse with prosecutrix on one occasion about eight months prior to the child's birth, *is held* sufficient to be submitted to the jury, notwithstanding defendant's testimony in defense that he was not the father of the child, that no demand had been made on him for support, that the money he had paid was not in discharge of any duty to support, and the introduction by him of a birth certificate stating the length of pregnancy so as to antedate the time he admitted having intercourse.

**2. Criminal Law §§ 42a, 53i—**

Where defendant testifies in his own behalf, his evidence of good character is competent to be considered both as substantive evidence on the issue of guilt or innocence and also as affecting his credibility as a witness, and an instruction which restricts such evidence to the question of credibility entitles him to a new trial.

APPEAL by defendant from *Harris, J.,* October Term, 1953, of FRANKLIN.

The defendant was tried and found guilty in the Recorder's Court of Franklin County 12 May, 1953, on a warrant issued out of that court, charging him with the willful failure and refusal, after demand, to support his illegitimate child, born 17 May, 1951, begotten by him upon the body of Mamie Lester. The defendant appealed from the judgment imposed in the Recorder's Court to the Superior Court of Franklin County where he was tried *de novo* on the warrant.

The prosecuting witness, Mamie Lester, testified that she is an unmarried woman; that she gave birth to a child on 17 May, 1951, and that the defendant William Wortham is the father of the child; that the defendant had sexual intercourse with her in September, 1950; that she has never had "intercourse with anybody besides William Wortham."

The mother of the prosecuting witness testified that she talked with the defendant after the child was born, when he was home on leave from the Army, about supporting the child; that he admitted that it was his child and gave her $50.00 to pay to the County and promised he would get more if he could when he went back to camp and would get papers through

the Army if he could to make an allotment for the child; that he has paid nothing further for the support of the child.

The evidence discloses that the illegitimate child is an epileptic; that the mother is of low mentality; that the Welfare Department of Franklin County took custody of the child on 23 May, 1951; that the mother of the prosecuting witness paid the hospital bills in connection with the birth of the child, which amounted to about $130.00, and paid to the County Welfare Department $50.00 to $55.00 per month from May, 1951, until the last of December, 1952. Since that time the County of Franklin has borne the expense in connection with the care and custody of the child.

The State's evidence also tends to show that the Superintendent of Public Welfare in Franklin County wrote the defendant on 8 July, 1952, at his overseas address, notifying him that Mamie Lester gave birth to a child on 17 May, 1951, and that she said he was the child's father. The letter further informed him that if he was the child's father he was responsible for its support, and requested an immediate reply "as to what he expected to do." The Superintendent of Public Welfare in the aforesaid county also wrote the defendant a letter addressed to him at his home in Henderson, informing him that she understood that he was home on a thirty-day leave, and requested him to come to the Welfare Department to discuss an important matter. The letters were not answered, neither were they returned, nor did the defendant visit the Welfare Department.

The defendant in his testimony denied that any demand has ever been made on him for the support of Mamie Lester's illegitimate child. That while the mother of the prosecutrix, who is his aunt, charged him with the paternity of the child, after he returned from Korea, he denied it; that the money he gave his aunt was to help her out and not for the support of the child. The defendant admitted that while he had sexual intercourse with the prosecutrix the latter part of September, 1950, he denied that he was the father of her child. In support of this contention he introduced the birth certificate of the child, which states that the length of pregnancy of the mother was forty weeks.

The jury returned a verdict of guilty, and from the judgment imposed he appeals to the Supreme Court, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*
*Yarborough & Yarborough for appellant.*

DENNY, J. The defendant assigns as error his exception to the failure of the court below to sustain his motion for judgment as of nonsuit interposed at the close of all the evidence. In our opinion, however, when the State's evidence is considered in the light most favorable to it, as it must

be on such motion, it is sufficient to carry the case to the jury. This assignment of error is overruled. *S. v. Smith,* 237 N.C. 1, 74 S.E. 2d 291; *S. v. Gordon,* 225 N.C. 757, 36 S.E. 2d 143.

The following excerpt from the charge forms the basis of one of defendant's additional assignments of error: "The defendant contends that he has offered evidence as to his good character, that he has never been in any trouble, that he went in the Army and came back and that he has never been in any trouble and he contends that he is worthy of your belief and that you ought to accept his word . . ."

In this jurisdiction a defendant in a criminal action may offer evidence of his good character and when he does so he is entitled to have such evidence considered as substantive testimony on the issue of guilt or innocence. And if in such case a defendant testifies in his own behalf, and evidence of his good character is introduced, such evidence may be considered both as affecting the credibility of his testimony and as substantive evidence on the question of guilt or innocence. *S. v. Moore,* 185 N.C. 637, 116 S.E. 161; *S. v. Nance,* 195 N.C. 47, 141 S.E. 468; *S. v. Davis,* 231 N.C. 664, 58 S.E. 2d 355.

The above portion of the charge to which the defendant excepts did not give the defendant, who testified in his own behalf, the benefit to which he was entitled in respect to the evidence as to his good character.

We deem it unnecessary to discuss the other assignments of error (although it would seem one or more of them have some merit), since they may not arise on another trial.

The defendant is entitled to a new trial and it is so ordered.

New trial.