STATE v. ROBERT FRANKLIN BURELL.

(Filed 2 March, 1960.)

**1. Rape § 1—**

The slightest penetration of the sexual organ of the female by the sexual organ of the male is sufficient to constitute this element of the offense of rape.

**2. Rape § 4—**

The evidence in this case, considered in the light most favorable to the State, *is held* sufficient to warrant the submission to the jury of the question of defendant's guilt of rape. G.S. 14-23.

**3. Criminal Law § 101—**

The contention that the testimony of the prosecutrix is contrary to reason and experience and therefore should be rejected as unworthy of belief cannot justify nonsuit, since the probative value of the testimony is solely for the determination of the jury and discrepancies and contradictions in the State's evidence are for the jury to resolve.

**4. Criminal Law § 111—**

Defendant's character evidence is a subordinate feature of the case and the failure of the court to give any instructions in regard thereto will not be held prejudicial in the absence of a request for special instructions.

APPEAL by defendant from *Bundy, J.,* November Term, 1959, of CRAVEN.

Criminal prosecution on indictment for rape charging in substance that defendant, on or about August 16, 1959, unlawfully, wilfully and feloniously, did ravish and carnally know Mrs. Emma Estelle Harrison, a female, by force and against her will.

The bill of indictment was returned at September Term, 1959. Upon arraignment, defendant pleaded not guilty. Defendant being without means to employ counsel, the court, on September 10, 1959, appointed Robert D. Glass, Esquire, to represent him; and defendant was represented by Glass at the trial at November Term, 1959.

In brief, the State's evidence tended to show the facts narrated below.

Defendant (Beau) and the prosecutrix (Estelle) and Alexander Harrison (Moe), the husband of the prosecutrix, had been friends. Moe and Beau, each a staff sergeant, were stationed at the Marine Corps Air Station at Cherry Point, North Carolina. Moe and Estelle lived in a government housing project in Havelock, North Carolina, where Beau had visited them, had meals, etc. Nothing in the evidence in-

dicates that Beau had made any improper advances on Estelle prior to the incident on which this prosecution is based.

Earlier, 1:00 a.m. or 2:00 a.m., Moe and Beau had met in New Bern and had a drink together. About 3.00 a.m., Beau, observing a light on in Moe's house, knocked at the door. Estelle was there alone. She had been to bed but got up; and, wearing her nightgown and robe, had gone downstairs for a drink of milk. Upon hearing a knock at the door, she asked who was there; and, upon hearing the answer, "Beau," she let defendant in, asked him where he had been and whether he had seen her husband. Beau replied that he had just left her husband and that her husband would be home in about fifteen or twenty minutes. They sat down, Estelle on a chair and Beau on a sofa, and chatted. In "about five minutes," Beau got up, came over to Estelle, pulled her to him and declared his determination to have her. She resisted. They struggled. Beau first got Estelle upon the sofa. In the struggle there, they fell to the floor. On the floor, Beau succeeded in having sexual intercourse with Estelle, notwithstanding her resistance, to the extent indicated in the opinion.

In submitting the case, the court instructed the jury it could return any one of these verdicts, (1) guilty of rape, (2) guilty of rape with recommendation of life imprisonment, (3) guilty of an assault with intent to commit rape, (4) guilty of an assault on a female by a male person over eighteen years of age, and (5) not guilty.

The jury returned a verdict of guilty of an assault with intent to commit rape. The court entered judgment that defendant be   confined in the State's Prison for fifteen years.

Defendant excepted, gave notice of appeal, and was permitted to appeal in *forma pauperis.* Glass, it appearing that he would be unable to represent defendant in connection with the appeal, was permitted to withdraw as counsel. Thereupon the court appointed Charles L. Abernethy, Jr., Esquire, as counsel for defendant in connection with this appeal.

*Attorney General Seawell and Assistant Attorney General McGalliard for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

BOBBITT, J.   While defendant assigns as error the overruling of his *general* motions for judgment of nonsuit, he does not contend that the case should have been dismissed in its entirety but that the evidence was insufficient to support a conviction for rape. Upon this premise, defendant asserts that, although he was not convicted of

STATE v. BURELL.

rape, the submission of the case as to rape constitutes prejudicial error.

The testimony of the prosecutrix is to the effect that defendant, forcibly and against her will, penetrated her sexual organ "half-way" with his sexual organ; that, when he took his hand from her mouth, she screamed; and that he then relaxed to such extent that she was able to get from under him and run to a neighbor's house. This evidence was sufficient as to penetration. *S. v. Jones,* 249 N.C. 134, 105 S.E. 2d 513, and cases cited. When considered in the light most favorable to the State, the evidence was sufficient to support a conviction for rape. *S. v. Green,* 246 N.C. 717, 100 S.E. 2d 52, and cases cited; G.S. 14-23.

Defendant's counsel's real contention is that the testimony of the prosecutrix is contrary to reason and experience and therefore should be rejected as unworthy of belief. Upon the printed record, there appears to be much force to this contention. Even so, we are mindful of the fact that the jury observed the witnesses as they gave their testimony; and the probative value of the testimony was solely for determination by the jury. Moreover, discrepancies and contradictions in the testimony of the prosecutrix were matters for the jury and not for the court. *S. v. Bryant,* 250 N.C. 113, 117, 108 S.E. 2d 128, and cases cited.

Defendant testified in his own behalf. Suffice to say, his testimony was to the effect that he did not attempt in any manner to have sexual relations with the prosecutrix but that she ran when he struck her under circumstances that need not be set forth in detail. In addition to his testimony, defendant offered three witnesses (officers in the Marine Corps) who testified that defendant's general reputation was excellent.

Defendant assigns as error the failure of the court to instruct the jury as to the significance of the character evidence, namely, the testimony of said three officers. It appears that the trial judge, in reviewing the evidence, stated the substance of the testimony of these witnesses, but gave no instruction relevant to its legal significance. No request was made that he do so.

When a defendant, who has testified in his own behalf, offers evidence as to his good general reputation, and the court undertakes to instruct the jury as to the legal significance of such character evidence and how it should be considered by the jury, erroneous or incomplete instructions have been held sufficient ground for a new trial. *S. v. Wortham,* 240 N.C. 132, 81 S.E. 2d 254; *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867. However, since evidence of the good character of a

defendant on trial for rape is a subordinate and not a substantive feature of the trial, the failure of the trial judge, in the absence of a request therefor, to give any instruction relative to the significance of character evidence, is not prejudicial error. *S. v. Glatly*, 230 N.C. 177, 52 S.E. 2d 277; *S. v. Scoggins*, 225 N.C. 71, 33 S.E. 2d 473; *S. v. Sims*, 213 N.C. 590, 197 S.E. 176. It is noted that in *S. v. Sims, supra,* the defendant was tried and convicted of murder in the first degree.

We have considered each of defendant's remaining assignments of error. Suffice to say, none discloses prejudicial error or requires particular discussion. In short, after a full and careful consideration of the record, we find no error of law that would afford sufficient basis for awarding a new trial.

No error.