STATE OF NORTH CAROLINA v. MARIE ADAMS

No. 7123SC262

(Filed 26 May 1971)

**1. Criminal Law § 85— consideration of character evidence**

A defendant who testifies and then offers evidence of his good character is entitled to have the jury consider his character evidence both as bearing upon his credibility and as substantive evidence bearing directly upon the issue of his guilt or innocence.

**2. Criminal Law § 117— character evidence — instructions**

Since character evidence is a subordinate feature of the trial, failure of the trial judge, in absence of a request, to give any instructions relative to the significance of character evidence is not prejudicial error, but when the trial judge undertakes to instruct on this phase of the case, even without request that he do so, his instructions must be complete.

**3. Criminal Law § 117— incomplete instructions on character evidence**

The trial court committed prejudicial error in instructing the jury that defendant's character evidence could be considered as substantive

State v. Adams

evidence without instructing that it could also be considered as bearing upon her credibility.

Judge BRITT concurring.

APPEAL from *Seay, Judge,* Regular December 1970 Criminal Session of Superior Court held in WILKES County.

Defendant was tried upon a bill of indictment charging her with assault with a deadly weapon with intent to kill, inflicting serious injury upon her husband, James Walter Adams. The jury returned a verdict of guilty and from judgment imposed thereon defendant appealed.

*Attorney General Morgan by Trial Attorney Richmond for the State.*

*W. G. Mitchell for defendant appellant.*

GRAHAM, Judge.

Defendant testified in her own behalf and also offered several witnesses who testified as to her good character and reputation in the community in which she lived. The court gave the following instructions with regard to this evidence.

> "Now, members of the jury, evidence has been received with regard to the defendant, Marie Adams', general character and reputation. Although good character or good reputation is not an excuse for crime, the law recognizes that a person of good character may be less likely to commit a crime than one who lacks that character, therefore, if you believe from the evidence that the defendant has a good character, you may consider this fact in your determination of the defendant's guilt or innocence and give it such weight as to you it should receive in connection with all the other evidence."

Defendant assigns as error the failure of the court to instruct the jury that her character evidence could be considered as bearing on her credibility.

[1-3] Where a defendant testifies and then offers evidence of his good character, he is entitled to have the jury consider his character evidence both as bearing upon his credibility and as substantive evidence bearing directly upon the issue of his

guilt or innocence. Character evidence, however, is a subordinate and not a substantive feature of the trial. Therefore, the failure of the trial judge, in the absence of a request, to give any instructions relative to the significance of character evidence, is not prejudicial error. *State v. Burell,* 252 N.C. 115, 113 S.E. 2d 16, and cases therein cited. However, where the trial judge undertakes to instruct on this phase of a case, even without request that he do so, it is necessary that his instructions be complete. *State v. Wortham,* 240 N.C. 132, 81 S.E. 2d 254; *State v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867. Here defendant testified. It was therefore error for the court to instruct the jury that her character evidence could be considered as substantive evidence without instructing that it could also be considered as bearing upon her credibility. The deficiency of the charge in this respect requires a new trial.

Defendant strenuously contends that the court erred in failing to submit to the jury the issue of self-defense. The evidence contained in the record presents a close question as to whether defendant was entitled to have the jury consider this question. Since the evidence presented at the next trial may differ in substance from the evidence in the record now before us, we refrain from passing on this question. There are other assignments of error which we likewise do not discuss.

New trial.

Judges CAMPBELL and BRITT concur.

Judge BRITT concurring.

I agree that defendant is entitled to a new trial for the reason stated in the opinion by Judge Graham. However, on the evidence presented at the trial, I think defendant was entitled to jury instructions on her plea of self-defense.