STATE OF NORTH CAROLINA v. WALTER BELTON

No. 7214SC822

(Filed 20 December 1972)

1. **Criminal Law § 113; Robbery § 5— instruction on alibi — failure to use word alibi — no error**

    The trial court's instructions in a robbery case on defendant's evidence tending to establish an alibi and on the State's burden of proof were adequate, even though the trial court did not use the word "alibi."

2. **Criminal Law § 66— pretrial photographic identification — in-court identification — independent origin**

    Where the two victims of a robbery had an opportunity to observe defendant at the time of the crime for about fifteen minutes, their

selection of defendant's photograph from among those shown them by police several days later would not render an in-court identification of defendant improper.

APPEAL by defendant from *Cooper, Judge,* 10 April 1972 Session of DURHAM County Superior Court.

Defendant was tried on a proper bill of indictment charging him with armed robbery. The case was submitted to the jury on common law robbery, and after a jury verdict of guilty and a sentence of imprisonment for a term of eight years, the defendant appealed.

The State's witnesses testified that defendant entered the motel, where the male witness was in charge and his wife was looking at television, at about 8:45 p.m. on 2 January 1972. The defendant carried on a conversation for a few minutes, and then with his hand in his pocket, as though he had a weapon, and with threats of killing both of them if they gave any alarm, he took $123.90 from the cash register. The room was lighted, the defendant's face was not masked, and the witnesses observed him for about 15 minutes.

Within several days after the incident police officers showed the witnesses several photographs (about 10 or 15) of persons fitting the general description of the defendant. Neither of the witnesses identified any of these persons as the assailant; the defendant's picture was not included in that group. Approximately a week later the witnesses were shown two additional pictures of Negro males; one of them, the defendant's picture. The witnesses identified this as a photograph of their assailant. Upon a proper voir dire examination of the witnesses the trial judge found that the in-court identification was based upon the witnesses' observation of the defendant at the time of the crime, and not upon any impermissibly suggestive photographic identification.

The defendant testified in his own behalf, and offered several witnesses, all of whom testified that the defendant had watched a television football game on the evening in question at a friend's home a considerable distance from the scene of the crime.

*Attorney General Robert Morgan by Associate Attorney E. Thomas Maddox, Jr. for the State.*

*Paul, Keenan and Rowan by Jerry Paul for defendant appellant.*

State v. Walters

CAMPBELL, Judge.

[1] The defendant neither served the case on appeal nor docketed the record with this Court within the time required. After the case was heard in this Court the defendant filed a petition for certiorari with insufficient reasons for allowing same; nevertheless, we have elected to consider the merits of the case. We have reviewed each assignment of error and find no merit in any of them. The trial court thoroughly reviewed the evidence of defendant tending to establish an alibi and placed the burden of proof upon the State in a proper manner. We think the charge of the court was adequate, even though the trial court did not use the word "alibi." While an instruction in the form approved by the Supreme Court in *State v. Bridgers*, 233 N.C. 577, 64 S.E. 2d 867 (1951) might have been preferable; nevertheless, we do not find that the defendant was prejudiced by the charge in this instance.

[2] The in-trial identification of the defendant was not tainted by impermissibly suggestive photographic pretrial identification. The finding of the trial court in this regard, after a properly conducted voir dire, was adequately supported by the evidence on the voir dire.

We find that the defendant had a fair and impartial trial free from prejudicial error.

Appeal dismissed.

Judges BROCK and GRAHAM concur.