STATE OF NORTH CAROLINA v. ORLANDUS JONES

No. 7712SC802

(Filed 21 February 1978)

Criminal Law § 117— character evidence—instructions—substantive evidence— consideration on credibility

In a rape case in which defendant testified in his own behalf, the trial court erred in instructing the jury that character evidence offered in defendant's behalf could be considered as substantive evidence without additionally instructing that it could be considered as bearing upon his credibility.

APPEAL by defendant from *Gavin, Judge*. Judgment entered 18 August 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 31 January 1978.

The defendant was charged by two counts in a single bill of indictment with the felonies of second-degree rape and obtaining carnal knowledge of a virtuous girl between twelve and sixteen years old. Upon his pleas of not guilty to both counts, the jury returned verdicts of guilty. From judgments sentencing him to consecutive terms of forty years' imprisonment for second-degree rape and ten years' imprisonment for obtaining carnal knowledge of a virtuous girl between twelve and sixteen years old, defendant appealed.

The State's evidence consisted primarily of the testimony of Kitty Gerlosky. She testified that on 8 December 1975, she was fourteen years of age. At about 7:30 a.m. that morning, she went to the bus stop near her home but did not get on the school bus. Instead, she left the bus stop and went to a play area in a park in some nearby woods.

Miss Gerlosky testified that she remained in the general vicinity of the play area for approximately one hour. At that time a man she identified as the defendant, Orlandus Jones, approached her. She stated the defendant was wearing a blue and white checked coat over another blue coat. He had a dog which appeared to be a German shepherd and another which appeared to be a beagle with him and was carrying a gun.

Miss Gerlosky testified that the man built a fire and entered a conversation with her. He asked her if she wanted to make love, and she told him no. He then grabbed her hands and tripped her. She stated that she tried to get away and physically resisted his advances. The defendant removed her clothes and told her that he was going to throw her in the river if she didn't stop trying to get away from him. She stated the defendant then choked her until she stopped resisting.

Miss Gerlosky testified that the defendant then had sexual intercourse with her by force and against her will. She at no time consented to his advances. She also testified, and the State introduced expert medical evidence tending to show, that she had never previously had sexual intercourse with anyone.

Miss Gerlosky testified that the defendant, having completed the act of sexual intercourse with her, asked if she intended to tell. She told him she did not, and he left.

The State offered other witnesses who testified to prior consistent statements by Miss Gerlosky. The State also presented witnesses who testified to having seen a man who matched the defendant's general description and who had with him two dogs in the vicinity of the alleged rape on the morning of 8 December 1975. None of the other witnesses could identify the defendant as the man they had seen.

The defendant testified in his own behalf and gave testimony in the nature of an alibi. He presented other witnesses whose

testimony tended to corroborate him. Additionally, these witnesses gave testimony as to his good character and reputation.

*Attorney General Edmisten, by Associate Attorney Patricia B. Hodulik and Special Deputy Attorney General Edwin M. Speas, Jr., for the State.*

*Anthony E. Rand for defendant appellant.*

MITCHELL, Judge.

The defendant testified in his own behalf and also offered several witnesses who testified as to his good character and reputation in the community in which he lived. The trial court gave the following instructions with regard to this evidence.

> Members of the Jury, evidence has been received in this case with regard to the defendant's reputation. Although good character and reputation is not an excuse for crime, the law recognizes that a person of good character may be less likely to commit a crime than one who lacks that character. Therefore, if you believe from the evidence that the defendant has a good character, you may consider that fact in your determination of the defendant's guilty [sic] or innocence and give it such weight as you decide it should receive in connection with all of the other evidence.

The defendant assigns as error the failure of the court to instruct the jury that his character evidence could also be considered as bearing on his credibility.

Character evidence is a subordinate and not a substantive feature of the trial. The trial court, in the absence of a specific request, need not give any instruction relative to the significance of character evidence. *State v. Burell*, 252 N.C. 115, 113 S.E. 2d 16 (1960). When the trial court instructs the jury as to the significance of character evidence, however, the instructions must be correct and complete.

The defendant testified in his own behalf. Thus, it was error for the trial court to instruct the jury that character evidence offered in his behalf could be considered as substantive evidence without additionally instructing that it could also be considered as bearing upon his credibility. *State v. Wortham*, 240 N.C. 132, 81 S.E. 2d 254 (1954); *State v. Moore*, 185 N.C. 637, 116 S.E. 161

(1923), and cases therein cited. The trial court's omission in this regard was identical to those we have previously disapproved and will necessitate a new trial. *State v. Adams*, 11 N.C. App. 420, 421, 181 S.E. 2d 194, 195 (1971).

We fully recognize that verdicts and judgments should not be set aside for mere error which is not both material and prejudicial. *State v. Rainey*, 236 N.C. 738, 741, 74 S.E. 2d 39, 41 (1952). It is not necessary, however, for us to determine in this case whether the failure properly to instruct on the significance of character evidence introduced after a defendant has testified could ever be harmless error. Here the defendant's testimony directly contradicted the only person who identified him as the perpetrator of the crime charged. In order to reach a verdict, it was absolutely unavoidable, therefore, that the jury pass on the credibility of the defendant. Its decision in this regard was crucial and determinative of the result which ensued.

As to both counts in the bill of indictment, there must be a

New trial.

Judges MORRIS and CLARK concur.