STATE OF NORTH CAROLINA v. EDWARD LEE TISE

No. 7818SC885

(Filed 16 January 1979)

**Criminal Law § 117— failure to charge on character evidence—absence of request—charge on credibility**

    The trial court was not required to instruct the jury to consider defendant's character evidence as bearing upon his credibility and as substantive evidence absent a request for such an instruction even though the court charged upon the credibility of witnesses in general and one aspect of defendant's character evidence related to the credibility of defendant's testimony.

APPEAL by defendant from *Barbee, Judge.* Judgments entered 3 May 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals in Winston-Salem, on 6 December 1978.

Defendant was convicted, as charged, of failing to stop his vehicle after a collision resulting in personal injury. [G.S. 20-166(a)]. He was also charged with felonious assault with an automobile [G.S. 14-32(a)], but was found guilty of assault inflicting serious injury [G.S. 14-33(b)(1)]. Defendant appeals from judgments imposing consecutive sentences of two years' imprisonment.

The evidence for the State tended to show that the wife of Logan Brandon, the victim, operated Peacock Massage Parlor on premises adjoining the home of the defendant. About 10:00 p.m. on 28 May 1977 Brandon went to the Parlor to see his wife. He saw defendant standing in his yard with a pistol in his hand. He left the premises in his small sports car, followed closely by defendant in his station wagon. Defendant drove his vehicle into the rear of the Brandon car three times, finally knocking the Brandon car off the road, damaging the car. The Brandon car was traveling at a speed of 100 miles per hour. Brandon was rendered unconscious and was hospitalized for two weeks while being treated for spine fractures and cuts and bruises about the neck and head.

Defendant denied the charges and offered alibi and character evidence.

*Attorney General Edmisten by Assistant Attorney General Mary I. Murrill, Deputy Attorney General William W. Melvin and Associate Attorney Lucien Capone III for the State.*

*Byerly & Byerly by W. B. Byerly, Jr. for defendant appellant.*

CLARK, Judge.

First, defendant assigns as error the failure of the trial court to instruct the jury to consider defendant's character evidence as bearing upon his credibility and as substantive evidence. The defendant did not request such instruction. The trial court did instruct the jury on credibility of witnesses in general, using the North Carolina Pattern Jury Instructions For Criminal Cases (101.15).

The defendant testified and also offered evidence of his good character. Therefore, this evidence may be considered both as affecting the credibility of his testimony and as substantive evidence on the question of guilt or innocence. *State v. Wortham,* 240 N.C. 132, 81 S.E. 2d 254 (1954); *State v. Davis,* 231 N.C. 664, 58 S.E. 2d 355 (1950). But the dual aspect of defendant's character evidence is a subordinate feature of the case, and the court is not required to so instruct the jury in the absence of a request. *State v. Scoggins,* 225 N.C. 71, 33 S.E. 2d 473 (1945). An instruction as to credibility relates to a subordinate feature of the case and the trial court is not required to charge thereon absent a request. *State v. Vick,* 287 N.C. 37, 213 S.E. 2d 335, *cert. denied* 423 U.S. 918, 46 L.Ed. 2d 367, 96 S.Ct. 228 (1975).

But defendant relies on the rule that when the court undertakes to charge on a subordinate feature of the case it must do so accurately and completely. *State v. Eakins,* 292 N.C. 445, 233 S.E. 2d 387 (1977). The application of this rule by appellate courts of this State is illustrated by two cases in which defendant testified and offered character evidence. In *State v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867 (1951), the State offered evidence of the good character of two State's witnesses, and defendant testified and offered evidence of his good character. It was held that the trial court erred in instructing the jury that all the character evidence must be considered alike because the State's evidence was relevant only as to credibility but the defendant's evidence was relevant both as to credibility and as substantive evidence. In *State v. Jones,* 35 N.C. App. 388, 241 S.E. 2d 523 (1978), where defendant testified, it was held reversible error for the trial court to instruct the jury that character evidence offered in his behalf could be considered as substantive evidence without additionally instructing that it could also be considered as bearing upon his credibility.

The case *sub judice* is distinguishable from *Bridgers* and *Jones.* In those two cases the trial court undertook to instruct on character evidence but erred in instructing on only one of the dual aspects of character evidence, thus violating the general rule that when the trial court undertakes to charge on a subordinate feature of the case it must do so accurately and completely. In the case before us the trial court did not charge on character evidence but only on credibility of witnesses in general.

Though the credibility of witnesses in general and the dual aspects of a defendant's character evidence are both subordinate features of the case, the two are not so closely related that a charge on the first requires the trial court to instruct on the latter without request, even though one aspect of the defendant's character evidence relates to the credibility of defendant's testimony. The defendant has the burden of requesting an instruction on the dual aspects of the defendant's character evidence. Under some circumstances complete instructions on a subordinate feature of the case may be harmful to the defendant. He has the burden of determining whether such instructions would be advantageous to him, and, if so, to so request. The burden is not an unconscionable one.

Defendant's other assignments of error relate to the instructions of the trial court. We have carefully examined these assignments of error and find that the trial court accurately defined and explained all elements of the offenses charged and the appropriate lesser offenses thereof and properly explained the law in compliance with G.S. 1-180.

We conclude that defendant had a fair trial, free from prejudicial error.

No error.

Judges MITCHELL and WEBB concur.