State v. Shaffner

---

STATE OF NORTH CAROLINA v. JESSE A. SHAFFNER

No. 8023SC331

(Filed 7 October 1980)

1. **Criminal Law § 162-- general objection -- same evidence without objection**
    The benefit of defendant's general objection to evidence was lost when substantially the same evidence was thereafter admitted without objection.

2. **Intoxicating Liquor § 7-- unauthorized sale -- sufficiency of evidence**
    The State's evidence was sufficient for the jury on the issue of defendant's guilt of unauthorized sale of intoxicating liquor in violation of G.S. 18A-3 where it tended to show that un undercover agent was served two mixed drinks for $1.50 each at a nightclub owned by defendant; defendant was behind the bar when the drinks were ordered and served; the club provided the liquor for the drinks; the agent was of the opinion that the drinks contained intoxicants; and defendant sold an unopened bottle of liquor to the agent for $5.50.

3. **Criminal Law § 117.3-- failure to instruct on interest of State's witness**
    The trial court did not err in instructing the jury that defendant was an interested witness without mentioning the interest of a former deputy sheriff who was the State's main witness since (1) the witness was no longer a deputy sheriff at the time of trial and could not have been improperly influenced by any hope of advancement or desire to please his employer, and (2) no instruction on the interest or credibility of a witness was required absent a timely request therefor.

APPEAL by defendant from *Walker, Judge.* Judgment entered 27 November 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 11 September 1980.

Defendant was found guilty of the unlawful sale of intoxicating liquor in violation of G.S. 18A-3 by the District Court. He received a trial de novo in Superior Court.

The State's evidence tended to show the following through the testimony of Larry Freeman, a former deputy of the Wilkes County Sheriff's Office. On 10 February 1979, Freeman, working undercover for the Sheriff's Office, went to an establishment known as the Moonlight Inn at approximately 10:10 p.m. The seating capacity of the inn is 150 to 200 people. Sandwiches were being served.

While there, Freeman bought two mixed drinks of Canadian Mist and coke which he consumed. He saw the drinks being prepared, and the liquor for the drinks was provided by the establishment. The drinks cost $1.50 each. Freeman ordered the first drink from a young lady behind the bar, the second one from defendant, Jesse Shaffner. Defendant owns the Moonlight Inn and was present when Freeman ordered the first drink. Defendant was behind the bar, about three feet from where Freeman was sitting. Before leaving, Freeman purchased one pint of Canadian Mist liquor from defendant at 11:10 p.m. He paid $5.50 for the pint using county money. The bottle, State's Exhibit No. 1, had not been opened when he purchased it. There were approximately a dozen people at the Moonlight Inn when he left.

Freeman further testified that he had previously worked for the Yadkin County Sheriff's Office and was familiar with intoxicating beverages. In his opinion, there was an intoxicating beverage in the drinks he was served.

On cross-examination, Freeman testified that he did not know defendant personally and had never seen him before that night at the Moonlight Inn. He denied that he went to the inn to meet someone or that he purchased a drink for himself and a young lady with him. Instead, he stated that he went to the establishment alone and left alone immediately after purchasing the pint of liquor. He resigned from the Sheriff's department in July 1979 several months after his undercover assignment at the Moonlight Inn.

Defendant testified that he was exclusively engaged in a convenience store business in February 1979 selling gasoline, groceries, beer and wine. He had opened a restaurant, Lucy's Seafood Steak, and a nightclub, the Moonlight Inn, in 1978. The grocery store, restaurant and nightclub were all located in the same building but were separated by walls. Defendant said the Moonlight Inn had been closed since 31 December 1978.

Defendant stated that he had known Larry Freeman since he was a teenager, knew that he went to work for the Wilkes County Sheriff's Department in December of 1978, and was able to recognize him on sight. He denied that Freeman came to the Moonlight Inn or that any sale of intoxicating liquor was made there on 10 February 1979.

On cross-examination, defendant again stated that the Moonlight Inn had been closed since 31 December 1978 and that there were no employees there on 10 February 1979. He did admit that he had mixed and served customers their own liquor when they brought it on the premises and checked the bottles with him.

Defendant was found guilty as charged, and judgment imposing a fine and suspended sentence was imposed.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Brewer and Freeman, by Paul W. Freeman, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant makes several assignments of error which he contends require either a dismissal or a new trial. We do not agree. During cross-examination right after defendant said the inn had been closed since 31 December 1978, the following took place:

Q. And as a matter of fact, didn't Sheriff Gentry speak to you about the sale of alcoholic beverages there?

Mr. Brewer: Objection.

Court: Overruled.

Q. Didn't he speak to you about that?

A. He spoke to me — that was in the early part of the year, too.

A. In 1978?

A. No, '79.

The Sheriff and Mr. Harrison Dickson, the ABC officer in this area, came by to see me. Sheriff Gentry told me that he had complaints of me selling minors alcohol and I had Coca-Cola boys there working on the ice maker at the time that Mr. Gentry came in, the best I can recall. As far as I know, Sheriff Gentry did not advise me that he would be sending someone out to my establishment if I didn't stop this sale. Other than the Sheriff, there was some fellows there who were working for the Coca-Cola Bottling Company.

Defendant argues that in the foregoing the court improperly allowed "evidence of other offenses to be presented to the jury over the defendant's objection." Even if we assume that the question to which defendant objected was not asked in order to impeach defendant's testimony that the inn had been closed since 31 December 1978 or was otherwise improper, defendant has waived any right to complain on appeal. The objection we have set out was the only one made. The damaging part of the testimony came in response to subsequent questions. The evidence came in without a single objection or objection to a specified line of questioning. No motion to strike was ever made. The benefit of defendant's general objection was, consequently, lost when substantially the same evidence was thereafter admitted. *Power Co. v. Winebarger*, 300 N.C. 57, 265 S.E. 2d 227 (1980); *State v. Owens*, 277 N.C. 697, 178 S.E. 2d 442 (1971).

[2] Defendant's second contention is that his conviction may not be sustained because the evidence was insufficient as a matter of law. Viewing all the evidence in a light most favorable to the State, we find that substantial evidence was presented which supported a reasonable inference of guilt sufficient to send the case to the jury. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Essentially the evidence in this case consisted of the testimony of just two witnesses, Freeman and defendant. Freeman testified for the State to facts which, if believed,

established a violation of G.S. 18A-3. Freeman was served two mixed drinks of Canadian Mist and coke at the Moonlight Inn on 10 February 1979 for $1.50 each. Defendant owned this establishment and was behind the bar when the drinks were ordered and served. The club provided the liquor for the drinks, and defendant sold an unopened pint of Canadian Mist for $5.50. Freeman drank the drinks and testified that in his opinion they contained intoxicants. The State produced the bottle of liquor at trial. Clearly, this evidence was sufficient as a matter of law to sustain a conviction for the unauthorized sale of intoxicating liquor. The jury, as it was free to do, simply chose not to believe defendant's testimony negating the possibility of any violation.

[3] Finally, defendant contends that the trial judge expressed an impermissible opinion regarding defendant's guilt by only instructing the jury that defendant was an interested witness without mentioning the interest of prosecution witness Freeman. We do not agree. First, Freeman was no longer employed as a deputy sheriff at the time of this trial. Thus, defendant's reliance on the following cases in his brief is misplaced. *State v. Love*, 229 N.C. 99, 47 S.E. 2d 712 (1948); *State v. Boynton*, 155 N.C. 456, 71 S.E. 341 (1911). Freeman was not a paid detective when he testified and could not have been improperly influenced by any hope of advancement or desire to please his employer. Second, the possible interest or bias of Freeman was a subordinate feature of the case and was not a subject upon which the trial judge was required to instruct. *State v. Sealey*, 41 N.C. App. 175, 254 S.E. 2d 238 (1979). In addition,

> We find little support in case law for the proposition that the trial court is required to charge that a police officer or any other witness is an interested witness as a matter of law.
>
> . . .
>
> ... However, the court, though it charges that defendant is an interested witness, is not required to find that any other witness is *per se* an interested witness.

*State v. Richardson*, 36 N.C. App. 373, 375-76, 243 S.E. 2d 918, 920 (1978). Thus, no instruction on Freeman's interest or credibility was required unless defendant made a timely request for it. *State v. Taylor*, 236 N.C. 130, 71 S.E. 2d 924 (1952); *State v. Tise*,

39 N.C. App. 495, 250 S.E. 2d 674, *review denied,* 297 N.C. 180, 254 S.E. 2d 36 (1979). Defendant admits that "no request for special instructions was tendered to the Court in the present matter." In the absence of such a request, the trial court properly instructed the jury.

No error.

Judges MARTIN (Robert M.) and WEBB concur.