STATE OF NORTH CAROLINA v. JAMES LEWIS WILLIAMS

No. 8210SC100

(Filed 16 November 1982)

Criminal Law § 117— character evidence—instructions—consideration on credibility

    In a rape case in which defendant testified and in which the evidence was conflicting, the trial court erred in failing to instruct the jury that defendant's character evidence could be considered as bearing on his credibility. Since the jury was required, in reaching a verdict, to pass on defendant's credibility, the error was material and prejudicial.

APPEAL by defendant from *Preston, Judge.* Judgment entered 3 September 1981, Superior Court, WAKE County. Heard in the Court of Appeals 13 September 1982.

Defendant was charged with and convicted of rape in the second degree, a violation of G.S. 14-27.3. From judgment entered on the verdict, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William R. Shenton, for the state.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant appellant.*

MORRIS, Chief Judge.

Evidence was conflicting. State's evidence tended to show that defendant invited the prosecuting witness to the Halifax Community Center in Raleigh, purportedly for a job interview. She testified that after waiting some three hours for the person who was supposed to interview her, she asked defendant to call a cab for her. Shortly thereafter the sexual offense occurred. She testified that she submitted only because of fear of defendant who had said, "don't make me hurt you" and who had, against her wishes, unbuttoned her dress, raised it, and lowered her stockings and underwear. Defendant testified that intercourse did occur, but that it was with her consent. Defendant introduced evidence of his good character.

He assigns as error the following portion of the judge's charge to the jury.

> The evidence has been received with regard to the defendant's reputation. Although good character or good reputation is not an excuse for crime, the law recognizes that a person of good character may be less likely to commit a crime than one who lacks that character. Therefore, if you believe from the evidence that the defendant has a good character you may consider this fact in your determination of the defendant's guilt or innocence, and give it such weight as you decide it should receive in the case, with all the other evidence.

Defendant contends the instruction is incomplete and constitutes prejudicial error, because the court failed to instruct the jury that his character evidence could also be considered as bearing on his credibility. We agree.

*State v. Jones*, 35 N.C. App. 388, 241 S.E. 2d 523 (1978), is controlling. Defendant was charged with rape in the second degree and with obtaining carnal knowledge of a virtuous girl between 12 and 16 years old. Defendant testified in his own behalf

and offered witnesses who testified as to his good character. On appeal, he assigned as error the failure of the court to instruct the jury that his character evidence could· also be considered by them as bearing on his credibility. We said:

> Character evidence is a subordinate and not a substantive feature of the trial. The trial court, in the absence of a specific request, need not give any instruction relative to the significance of character evidence. *State v. Burell,* 252 N.C. 115, 113 S.E. 2d 16 (1960). When the trial court instructs the jury as to the significance of character evidence, however, the instructions must be correct and complete.
>
> The defendant testified in his own behalf. Thus, it was error for the trial court to instruct the jury that character evidence offered in his behalf could be considered as substantive evidence without additionally instructing that it could also be considered as bearing upon his credibility. *State v. Wortham,* 240 N.C. 132, 81 S.E. 2d 254 (1954); *State v. Moore,* 185 N.C. 637, 116 S.E. 161 (1923), and cases therein cited. The trial court's omission in this regard was identical to those we have previously disapproved and will necessitate a new trial. *State v. Adams,* 11 N.C. App. 420, 421, 181 S.E. 2d 194, 195 (1971).

Nor can we say that the omission was not prejudicial. Defendant's testimony contradicted that of the prosecuting witness. The jury was required, in reaching a verdict, to pass on defendant's credibility. The error was, therefore, material and prejudicial.

New trial.

Judges BECTON and JOHNSON concur.