STATE v. JOHN A. MONROE.

*Construction of Constitution—Legislative Power.*

The provision of the constitution (Art. IV, § 11,) requiring the judges to preside in the different districts successively and prohibiting them from holding the courts in the same district oftener than once in four years, applies to the series of successive courts constituting a circuit or riding, and does not restrict the legislature from creating an extra term of the superior court of a county and designating the resident judge to hold the same.

(*State* v. *Adair,* 66 N. C., 298, cited and approved.)

INDICTMENT for an Affray tried at January Special Term, 1878, of CUMBERLAND Superior Court, before *Buxton, J.*
The case is sufficiently stated by THE CHIEF JUSTICE.

*Attorney General,* for the State.
*Messrs. J. C. McRae* and *J. W. Hinsdale,* for the defendant.

SMITH, C. J. At January term, 1877, of the superior court of Cumberland, the defendant and one Small were indicted for an affray. They both submitted at January term, 1878. The defendant Monroe was adjudged to be imprisoned for three months, and from this judgment he appealed.
The only defence presented in the record or insisted on in the argument here is an alleged want of power in the presiding judge, the resident judge of the district, to hold this term and pronounce sentence. The term of the superior

court of this county held on the last Monday in January of each year is in addition to its regular spring and fall terms, and is establ shed by the acts of 1874-'75, ch. 32. No original or final process in civil actions could be issued returnable to it. Subsequently an amendatory act was passed requiring this "extra term to be held by the judge residing in the district unless otherwise directed by the governor. Acts 1876-'77, ch. 66. The constitutional provision which is supposed to conflict with the statute is as follows: "Every judge of the superior court shall reside in the district for which he is elected. The judges shall preside in the courts of the different districts successively, but no judge shall hold the courts in the same district oftener than once in four years, but in case of protracted illness of the judge assigned to preside in any district, or of any other unavoidable accident to him, by reason of which he shall become unable to preside, the governor may require any judge to hold one or more specified terms in said district, in lieu of the judge assigned to hold the courts of said district." Art. IV, § 11. Under this section of the constitution the state has been divided into nine judicial districts, and the time fixed for holding the successive superior courts in each. Acts 1876-'77, ch. 469.

It is insisted in the argument for defendant that the words "but no judge shall hold the courts in the same district oftener than once in four years" annul the act of 1877, which designates the judge to hold this extra term, and denies to him jurisdiction in the premises. We do not concur in this rendering of the constitution, which practically abrogates not only this but all the other extra or additional terms of the superior courts of other counties. They are not within the scope of this constitutional inhibition, and were obviously not intended to be affected by it. It is the purpose of the clause to re-establish the former system of rotation among the judges, and to require them to ride the dif-

ferent districts and hold the several courts therein successively until each had gone over the whole state. It is this series of courts which the constitution means constituting a circuit or riding and following each other without interruption, and not such additional and exceptional terms as the business of some of the larger counties may require, and for which special provision is made by law. The prohibition applies to the holding of " *the courts in the same district,*" obviously meaning the series of successive courts which belong to and constitute the regular spring and fall ridings. And this construction derives some support from the concluding qualifying words by which in case of personal disability, the governor is authorized to require some other judge to preside at *one or more* specified terms in the district in his stead.

In the case of *State v. Adair,* 66 N. C., 298, the trial was prolonged into the third week of the term, and it was insisted that the power conferred upon the presiding judge to continue the term in certain criminal trials, (Bat. Rev., ch. 33, § 108,) was revoked by Art. IV, § 12, of the constitution of 1868, which directs a term of the superior court to be held in each county, " at least twice in each year, *to continue for two weeks,* unless the business shall be sooner disposed of." But it was held that this was not the effect of that section, and that the law authorizing an extension of the term was still in force. We are therefore of opinion that the term was rightfully held by the resident judge.

But we do not wish to be understood as conceding the proposition that a term held by a judge of general jurisdiction, though not the one designated to hold it, can be treated as a nullity and the objection made available in the manner attempted here. It is unnecessary to exprsss any opinion on this point, and it is alluded to only to avoid misconception. Let this be certified to the end that judgment may be pronounced.

No error.                                    Affirmed.