STATE v. ALLISON SPEAKS.

*Constitution—Judgment—Jurisdiction—Officer—Res adjudicata —Ridings of Judges.*

The prisoner was indicted at August Term, 1885, and tried and convicted of murder at the succeeding Term of the Superior Court of Iredell county—both Terms being held by the same Judge. He moved for a new trial and in arrest of judgment, which being refused, and the death penalty pronounced, he appealed to the Supreme Court, where the judgment was affirmed. When brought to the bar of the Superior Court for re-sentence, he again moved in arrest of the judgment upon the ground that the Judge who presided at the trial also presided at the preceding Term when the bill was found, in violation of §11, Art. IV. of the Constitution. *Held,*

1. The judgment of the Supreme Court was conclusive of all ground which was or might have been insisted upon to arrest the judgment of the Superior Court.

2. If, however, the prisoner should be entitled to relief upon the ground of an absence of jurisdiction in the Court which tried him, his remedy would not be by motion to arrest the judgment, but by a proper application for a discharge.

3. The prohibition contained in the Constitution does not apply to the several terms of the Court in any one county embraced in a "circuit" or "riding," but only to the series of Courts held in the various counties constituting such "circuit" or "riding" as a whole.

4. One wrongfully in the possession of an office and exercising its functions with public acquiescence, is an officer *de facto,* and so far as third parties are concerned, his acts are as binding as if he were an officer *de jure.*

5. *It seems,* that the judgment of the Superior Court, presided over by a Judge of general jurisdiction, though not the Judge designated by the Constitution, is not null and void.

44

STATE *v.* SPEAKS.

(*Norfleet* v. *Slaton*, 73 N. C., 546; *State* v. *Bowman*, 80 N. C., 433; *State* v. *Monroe*, Ibid., 373; *Mabry* v. *Henry*, 83 N. C., 298; cited and approved).

MOTION for judgment of death against the prisoner, heard before *Boykin*, *Judge*, at August Term, 1886, of IREDELL Superior Court.

The prisoner was charged with the crime of murder in a bill of indictment found by the grand jury at the Term of Iredell Superior Court, held on the fourth Monday before the first Monday in September, 1885, was put on trial, found guilty and sentenced to death at the succeeding term, held on the ninth Monday after the said first Monday in September. He appealed to the Supreme Court, and after a careful examination of the numerous exceptions taken to the rulings of the Judge, among which was the denial of a motion in arrest of judgment, no error was found in the record, and the Superior Court was directed to proceed to final judgment. The prisoner was again brought to the bar of the Superior Court at the term held in August last, and upon being asked if he had anything to say why sentence of death should not again be passed upon him, he interposed again a motion in arrest of judgment, assigning as the ground thereof that the Judge who presided at the trial had also presided at the previous term when the grand jury acted on the bill, in violation of the Constitution, and that the trial and conviction were illegal and void. This motion was overruled and the death penalty adjudged, from which the prisoner again appealed. Accompanying the record was the following finding of facts by the Court:

"The Honorable William J. Montgomery, as Judge, held both the said terms, and the trial at the prisoner's instance was deferred from the former to the latter term for the absence of his witnesses. No special commission was issued by the Governor to the Judge to hold either of the terms, nor

did the Governor require this of him. After the rendering of the verdict, the motion in arrest was made for the cause stated, and refused, and judgment being again pronounced, he appeals."

*Attorney-General,* for the State.

*Messrs. R. F. Armfield* and *Jno. Devereux, Jr.,* for the defendant.

SMITH, C. J. (after stating the case). It is too plain a proposition to require support from argument or precedent, that whatever defences were set up, or could have been set up, upon the hearing of the former appeal, are conclusively determined in that adjudication, and are not reviewable in the present appeal. Controversies would never be settled if this practice were allowed, and successive appeals, but successive experiments, none finally disposing of the cause; *Mabry* v. *Henry,* 83 N. C., 298. As the defence now sought to be set up could as well have been made available when the first appeal was taken, it has passed into the domain of *res adjudicata,* and cannot now be pressed into service. If a series of appeals were allowable under such circumstances, they might be the means of an indefinite postponement of the execution of the judgment, and perhaps defeat it altogether. We do not say that a judgment not authorized by law and unlike that upheld may not be reviewed and reversed by appeal.

Undoubtedly such new error introduced into the proceeding, and not within the compass of the ruling in the appellate Court, could be thus corrected. But where the second is in strict conformity with the judgment before rendered, and whose validity has been sustained, there is no ground for a second appeal, and it cannot be entertained. It is, in fact, an attempt to evade or defeat the mandate of the higher Court, whether so intended or not.

If, however, the prisoner was unlawfully convicted, and entitled to relief on the ground of an absolute want of jurisdiction in the Court to try him, he misconceives the remedy in seeking it through a motion in arrest. This motion is based upon a defect shown in the record of proceedings, and not upon matters extrinsic and not thus appearing.

If the case were, as contended, one of *coram non judice*, and the proceedings a nullity, the prisoner might demand his discharge and obtain it, unless detained for another trial upon the same indictment, or one to be substituted in its place.

But we are not disposed to pass over unnoticed the objection to the exercised jurisdiction, based upon the clause in the Constitution which declares, that " no Judge (of the Superior Courts) shall hold the Courts in the same district oftener than once in four years," Const. Art. IV. §11. This provision has received a construction in the case of the *State* v. *Monroe*, 80 N. C., 373 ; where it is held to apply to the series of Courts forming a district over which a Judge, in his riding, is to preside, and has no reference to the Courts separately considered. To the same effect, *State* v. *Bowman*, Ibid 433.

These two Courts, moreover, are of the same county, and constitute a part of one and the same riding, the two being required for the public business, and the latter a supplement to the former. The Constitution does not reach the case. But even if all these considerations were out of the way, and the trial Court was held in disregard of the constitutional mandate, we are by no means prepared to concede that a Court held by a Judge of general jurisdiction, though not the Judge designated to hold it, is absolutely without authority, and all its acts null and void. If this were so, could a failure to take the preliminary and prescribed oath of office have the same annulling effect upon every official act ? Such a doctrine would lead to most mischievous consequences, and tend to unsettle rights of property and produce universal distrust among all who have business with the officer. Such

is not the law, and hence, as affecting third persons, one in possession of office and exercising its functions, with a silent public acquiescence, though wrongfully in possession, the acts of an officer *de facto* are as binding as if he were an officer *de jure; Norfleet* v. *Staton*, 73 N. C., 546. How much more so must be the acts of a Judge in office, both *de facto* and *de jure*, and exercising only functions that belong to him as such.

But, for reasons already stated, the appeal was improvidently taken, and must be dismissed, and the Court below left to proceed in the execution of the mandate of this Court.

No error.                                        Dismissed.