STATE v. WILLIE WILLIAMS.

(Filed 30 November, 1949.)

**1. Homicide § 25—**

    Evidence that while bathing in a pond, defendant went to where deceased was standing in shallow water holding to a post, and against her will and over her protest that she could not swim, pulled her into deep water where she drowned, is sufficient to be submitted to the jury on the charge of involuntary manslaughter.

**2. Homicide § 8a—** .

    Involuntary manslaughter is the unlawful killing of a human being unintentionally and without malice, but proximately resulting from the commission of an unlawful act not amounting to a felony, or to some act done in an unlawful or culpably negligent manner, when fatal consequences are not improbable under all of the facts existent at the time.

APPEAL by defendant from *Bobbitt, J.,* May Term, 1949, of MOORE. No error.

*Attorney-General McMullan* and *Assistant Attorney-General Moody* for the State.
    *H. F. Seawell, Jr.,* for defendant.

DEVIN, J. The defendant was convicted of manslaughter in causing the death by drowning of one Dorothy Lynn Smith. From judgment imposing prison sentence the defendant appealed.

The question chiefly debated here was whether the evidence was sufficient to sustain the charge of involuntary manslaughter. The State's evidence tended to show that on 1 September, 1947, several woman and children were bathing in West End pond which was shallow near the banks, but deepened to 10 or 12 feet in the center. The defendant, a man 30 or 35 years of age, approached and inquired why the bathers didn't go out where they could swim, and followed this by wading out into the water. All ran out of the pond except the deceased, a girl 16 years of age, who in water not more than waist deep was holding to a post. In spite of her objection defendant took hold of her, and, although she repeatedly told him she could not swim, pulled her away from the post, and both fell over in the deep water and she was drowned.

We think defendant's motion for judgment of nonsuit was properly denied.

There was no evidence of malice, or that the defendant intended to drown the girl, but against her will and over her protest that she could not swim he pulled her into deep water where she drowned. True the defendant came near drowning also but that did not palliate his action. The fatal consequences to Dorothy Lynn Smith under the evidence must be ascribed to the defendant's unlawful and culpably negligent conduct which it could reasonably have been foreseen was likely to result in serious injury. *S. v. Scoggins,* 225 N.C. 71, 33 S.E. 2d 473; *S. v. Cope,* 204 N.C. 28, 167 S.E. 456; *S. v. Rountree,* 181 N.C. 535, 106 S.E. 669; *S. v. Tankersly,* 172 N.C. 955, 90 S.E. 781. Involuntary manslaughter is the unlawful killing of a human being unintentionally and without malice but proximately resulting from the commission of an unlawful act not amounting to a felony, or some act done in an unlawful or culpably negli-

gent manner (*S. v. Durham,* 201 N.C. 724, 161 S.E. 398; *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580), and where fatal consequences of the negligent act were not improbable under all the facts existent at the time. *S. v. Tankersly, supra; S. v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638. In *S. v. Rountree, supra,* it was said that "Culpable negligence under the criminal law is such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others."

The defendant assigns error as to portions of the court's charge to the jury, but upon examination we find none of his exceptions can be sustained.

In the trial there was

No error.