## STATE v. LIZZIE WIGGINS.

(Filed 8 November, 1950.)

**1. Homicide § 8a—Evidence of culpable negligence held sufficient.**

> The evidence tended to show that a dog belonging to deceased and one belonging to defendant were fighting, that after unsuccessful efforts by both of them to part the dogs, defendant procured a shotgun from her house. and fired, as deceased was stooping over the dogs trying to part them, inflicting mortal injury on deceased and injuring four other persons standing nearby. There was no evidence of malice, and defendant contended she fired to stop the dog fight and that deceased's death was the result of an accident. *Held:* The evidence was sufficient to be submitted to the jury on the question of defendant's culpable negligence and sustain verdict of guilty of involuntary manslaughter.

**2. Criminal Law § 79—**

> Exceptions not presented in the brief are deemed abandoned. Rule 28.

APPEAL by defendant from *Bone, J.,* August Term, 1950, of LENOIR. No error.

The defendant was charged in the bill with manslaughter.

The State's evidence tended to show that in the late afternoon of 9 July a dog belonging to the deceased Eugene Williams was fighting with a dog belonging to the defendant in the street in front of defendant's home in the City of Kinston. The dog of the deceased was larger than

defendant's dog. Both the deceased and the defendant tried without success to separate the dogs. Spectators gathered. Sticks were used, and the defendant poured water on the dogs in the effort to end the combat, all to no avail. Defendant then went in her house and came out with a shotgun. The deceased was at the moment stooping over with his hands on his dog trying to pull him away, when the defendant fired from a distance of 15 feet, inflicting a wound on the deceased from which he shortly thereafter died. Four other persons were struck by the shot.

There was no evidence of malice or ill-will on the part of the defendant, and she contended she was shooting at the dog to stop the fight and the death of deceased resulted from a wound accidentally inflicted.

The jury returned verdict of guilty of manslaughter, and from judgment imposing sentence defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Jones, Reed & Griffin for defendant, appellant.*

DEVIN, J. The court submitted the case to the jury only on the theory of culpable negligence proximately resulting in the death of deceased. There was sufficient evidence to warrant finding the defendant guilty of involuntary manslaughter. *S. v. Williams,* 231 N.C. 214, 56 S.E. 2d 574; *S. v. Blankenship,* 229 N.C. 589, 50 S.E. 2d 724; *S. v. Scoggins,* 225 N.C. 71, 33 S.E. 2d 473; *S. v. Rountree,* 181 N.C. 535, 106 S.E. 669. The court stated the evidence, the contentions of the parties and the law arising thereon to the jury in a charge free from error.

The defendant noted exception to certain portions of the charge, but in her brief has presented to us only the question of nonsuit on the ground that the evidence showed nothing more than death by accident or misadventure. Hence the other exceptions are deemed abandoned. Rule 28. The motion for judgment of nonsuit was properly denied. In the trial we find

No error.