STATE OF NORTH CAROLINA v. JESSE DAVID COX

No. 7129SC333

(Filed 26 May 1971)

1. Criminal Law § 115— lesser degree of crime — instructions

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime was committed.

2. **Assault and Battery § 16— assault with a deadly weapon — instructions on simple assault**

   In a prosecution for assault with a deadly weapon with intent to kill, the trial judge was not required to submit an issue of defendant's guilt of simple assault, where defendant himself admitted that he cut the prosecuting witness with a knife, and where the evidence tended to show that the knife blade was three inches long.

3. **Assault and Battery §§ 8, 9— defense of home and family — self-defense — instructions**

   In a prosecution for assault with a deadly weapon, the evidence did not warrant an instruction on defendant's right to defend his home and family, although it required an instruction on defendant's right to act in his own self-defense.

4. **Assault and Battery § 5— deadly weapon per se — pocket knife**

   A pocket knife which has a blade three inches long and a cutting edge two and three-quarters inches long is a deadly weapon *per se.* G.S. 14-32(b).

5. **Assault and Battery § 5— determination of deadly weapon per se — jury question**

   Defendant cannot complain that it was left for the jury to decide whether a knife with a three-inch blade was a deadly weapon *per se.*

APPEAL by defendant from *Seay, Judge,* 12 October 1970 Session of Superior Court held in HENDERSON County.

Defendant was charged in a bill of indictment, proper in form, with the felony of assaulting W. C. Hill with a deadly weapon with intent to kill, inflicting serious injury upon the person of W. C. Hill. Upon his plea of not guilty defendant was tried by jury.

The evidence tended to show the following: W. C. Hill, defendant's father-in-law, went to defendant's home with defendant's wife and children. After a few words were exchanged between defendant and defendant's wife, a fight broke out between defendant and his father-in-law, W. C. Hill. This fight was terminated, and defendant went to a neighbor's house. While defendant was at the neighbor's house, W. C. Hill left defendant's house and got into an automobile. Defendant returned with his neighbor, and the neighbor engaged in an altercation with W. C. Hill. There is some evidence that defendant stood by during this time with a gun.

The State offered evidence which tended to show that defendant reached into the car and cut W. C. Hill. Defendant

State v. Cox

offered evidence which tended to show that he cut W. C. Hill when Hill "started out of the car with a bottle to hit me."

The evidence tends to show that the knife with which defendant cut W. C. Hill was a pocket knife with a blade approximately three inches long.

The jury found defendant guilty of assault with a deadly weapon *per se* inflicting serious injury. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Briley, for the State.*

*W. R. Sheppard for defendant.*

BROCK, Judge.

[1, 2] Defendant assigns as error that the trial judge failed to submit to the jury the issue of simple assault. Defendant admitted that he cut the prosecuting witness, and the evidence tends to show that the blade of the knife was approximately three inches long. Defendant's contention was that he acted in self-defense when he cut W. C. Hill. The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The presence of such evidence is the determinative factor. *State v. Barber,* 9 N.C. App. 210, 175 S.E. 2d 611. This assignment of error is overruled.

[3] Defendant assigns as error that the trial judge failed to instruct the jury on defendant's right to defend his home and his family. There is no evidence to justify such instructions. Defendant's own testimony was: "I was standing beside the car talking to my wife when he started out of the car with a bottle to hit me when I cut him." This evidence requires an instruction on defendant's right to act in his own self-defense, and such an instruction was given. This assignment of error is overruled.

Defendant assigns as error that the trial judge submitted to the jury the issue of defendant's guilt of assault with a deadly weapon *per se* inflicting serious injury. G.S. 14-32(b). It is defendant's argument that a knife with a three-inch blade is not a deadly weapon *per se*. At defendant's request we

ordered the knife (which was received in evidence at trial as State's Exhibit #1) forwarded as an exhibit to this Court.

[4]   The offense defined in G.S. 14-32(b) is a lesser included offense of the offense defined in G.S. 14-32(a); and, where there is evidence from which the jury could find that the offense defined in G.S. 14-32(b) had been committed, it is not only proper but is necessary for the trial court to submit the issue. The blade of the knife in evidence in this case is three inches long and the cutting edge thereof is two and three-quarters inches long. When used as a weapon in an assault such a knife, under the case law of this State, constitutes a deadly weapon *per se*. *State v. Parker,* 7 N.C. App. 191, 171 S.E. 2d 665. The trial judge was correct in submitting an issue of defendant's guilt under G.S. 14-32(b) to the jury.

[5]   The trial judge submitted three issues to the jury: (1) guilty or not guilty of assault with a deadly weapon with intent to kill inflicting serious injury (G.S. 14-32(a)); (2) guilty or not guilty of assault with a deadly weapon *per se* inflicting serious injury (G.S. 14-32(b)); (3) guilty or not guilty of assault with a deadly weapon (G.S. 14-33(b)(1)). On each of the three issues the trial judge left it to the jury to determine whether the knife was a deadly weapon. As we have already stated, under the case law of this State, a knife with a three-inch blade constitutes a deadly weapon *per se* when used as a weapon in an assault. *State v. Parker, supra.* The defendant is in no position to complain that the trial judge placed the burden upon the State to satisfy the jury beyond a reasonable doubt that the knife was a deadly weapon *per se.*

The remaining assignments of error have been considered and found to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.