STATE OF NORTH CAROLINA v. NEIL McLAURIN

No. 7112SC360

(Filed 14 July 1971)

Assault and Battery § 5— deadly weapon — board — instructions

> An instruction that the board used by defendant to assault his wife could be found to be a deadly weapon *per se* was not error. G.S. 14-32(b).

APPEAL by defendant from *Bailey, J.,* 18 January 1971 Criminal Session of Superior Court held in CUMBERLAND County.

Defendant was tried upon a bill of indictment charging him with assault with a deadly weapon with intent to kill inflicting serious injuries. The State's evidence, in pertinent part, may

be summarized as follows. The defendant and his wife were separated. At defendant's request the wife met him at a bus stop to discuss a reconciliation. Shortly after they met defendant pulled a knife and placed it at his wife's chest. Defendant told his wife that if she hollered he would kill her. He then led her into a wooded area and beat her with his fists. He choked her. She felt the knife go to her throat and grabbed it with her hand, bending the blade of the knife. One or more leaders in her hand were severed. He then picked up a board and struck her in the back of her head, knocking her unconscious for a short while. The wife was hospitalized for eight days. Forty stitches were used to close the wound where she was struck with the board. Three operations have been performed on her hand. Others will be required. The jury returned a verdict of guilty of assault with a deadly weapon *per se* inflicting serious injuries. From judgment imposing an active prison sentence, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

*Twelfth District Public Defender Sol G. Cherry for defendant appellant.*

VAUGHN, Judge.

The board and knife with which defendant allegedly assaulted his wife were introduced into evidence. Defendant's sole assignment of error is that the judge instructed the jury that the board could be found to be a deadly weapon *per se.* The knife and board were not brought forward as exhibits on this appeal. It may have been that the judge could have instructed the jury as a matter of law that the weapons were inherently deadly or deadly *per se. State v. Parker,* 7 N.C. App. 191, 171 S.E. 2d 665; *State v. West,* 51 N.C. 505. The court did not, however, so instruct the jury but required the State to prove this beyond a reasonable doubt. The jury was instructed that before it could return a verdict of guilty it must find that the knife was of sufficient sharpness and size to penetrate a vital part of the body organs or that the defendant used a board of sufficient strength and size to inflict a fatal injury. It would seem that any effect of this precaution by the trial judge would be to the advantage of the defendant and not to his prejudice. *State v. Cox,* 11 N.C. App. 377, 181 S.E. 2d 205.

---

Smith v. Coach Lines

---

Admittedly, considerable confusion has resulted from the rewrite of G.S. 14-32 by Chapter 602 of the Session Laws of 1969, particularly from the inclusion of the words *"per se"* following "deadly weapon" in Subsection (b). The words *"per se"* did not appear in House Bill 681 (later enacted as Chapter 602) as introduced or originally passed by the House of Representatives. This inclusion is said to have resulted from a typographical error. See The Twelfth Report of the Judicial Council of the State of North Carolina, Part III., p. 3, 1971. The words *"per se"* following "deadly weapon" in Subsection (b) first appear in an amendment adopted by the Senate on 19 May 1969. The House concurred in the Senate amendment and, as amended, the bill was ratified on 27 May 1969. The 1971 General Assembly has also amended G.S. 14-32. Subsection (b) as rewritten by Chapter 765 of the Session Laws of 1971 now reads as follows:

> "Any person who assaults another person with a deadly weapon and inflicts serious injury is guilty of a felony punishable by a fine, imprisonment for not more than five (5) years, or both such fine and imprisonment."

This act was ratified on 6 July 1971 and is effective as of 1 October 1971. As so rewritten the section becomes more meaningful.

Defendant's assignment of error is overruled.

No error.

Chief Judge MALLARD and Judge PARKER concur.