STATE OF NORTH CAROLINA v. EDDIE LEE MELTON

No. 7227SC233

(Filed 28 June 1972)

1. Constitutional Law § 30— speedy trial — abandonment on prior appeal — waiver

Defendant waived his right to assert that he had been denied a speedy trial by reason of the time lapse between his arrest and first trial when he abandoned his assignment of error to the denial of his motion to quash the indictment upon his appeal from the first trial.

State v. Melton

**2. Constitutional Law § 30— speedy trial — inference of denial**

   There is no inference of denial of a speedy trial by the delay between an April 1971 appellate court opinion granting defendant a new trial and his trial in November 1971.

**3. Burglary and Unlawful Breakings § 7— acquittal of larceny — failure to submit non-felonious breaking and entering**

   The fact that defendant was acquitted of larceny in a prosecution for felonious breaking and entering and felonious larceny does not show that the lesser offense of non-felonious breaking and entering should have been submitted to the jury, since there need only be an intent to commit larceny to sustain a conviction of felonious breaking and entering.

APPEAL by defendant from *Thornburg, Judge,* 4 October 1971 Session of Superior Court held in GASTON County.

Defendant was charged in a bill of indictment with felonious breaking and entering and felonious larceny. Upon his plea of not guilty, he was tried by jury.

The State's evidence tends to show that defendant broke and entered the premises of Mrs. Ida Carter at 815 West Walnut Street in Gastonia, N. C., on or about 15 November 1968 and removed therefrom a quantity of coins. The jury found defendant not guilty of felonious larceny; however, it found him guilty of felonious breaking or entering. Judgment of imprisonment for a period of not less than eight nor more than ten years was entered. The judgment further ordered that defendant be given credit for the time spent in custody upon these charges prior to entry of the judgment. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*Max L. Childers for the defendant.*

BROCK, Judge.

Defendant was first tried upon these charges at the 25 November 1970 Session of Superior Court held in Gaston County. At that trial he was found guilty on both counts in the indictment. He appealed and was awarded a new trial because of errors in the charge. *State v. Melton,* 11 N.C. App. 180, 180 S.E. 2d 476 (No. 7127 SC 278, Spring Session 1971, filed 28 April 1971).

[1, 2] Defendant now assigns as error that the trial judge denied his motion to quash which was based upon the grounds

State v. Melton

that he was not afforded a speedy trial. He does not make it clear whether he refers to the time lapse between his arrest on 30 May 1969 and his first trial in November 1970, or to the time lapse between the opinion of this Court in April 1971 and his second trial in November 1971. If he refers to the former, it seems he has waived his right to raise the question with respect to the first trial, because upon his first appeal he abandoned his assignment of error to the denial of his motion to quash the indictment (assignment of error No. 1, Rp 69, exception No. 1, Rp 11, of record on appeal in No. 7127SC278, Spring Session 1971). If he refers to the latter, it seems there is no inference of denial of a speedy trial by the delay from April to November. In either event, defendant has not offered to show that he requested a trial, that the State unnecessarily delayed the trial, or in what way defendant has been prejudiced. This assignment of error is overruled.

Defendant assigns as error that the trial judge failed to submit to the jury the lesser included offense of non-felonious breaking and entering. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The presence of such evidence is the determinative factor." *State v. Cox*, 11 N.C. App. 377, 181 S.E. 2d 205. Defendant offered evidence of an alibi. Therefore, the only evidence of breaking and entering was the evidence of a felonious breaking and entering offered by the State.

[3] Nevertheless, defendant argues that because he was acquitted of the felonious larceny charge it follows that the question of a non-felonious breaking and entering should have been submitted to the jury. It is immaterial that defendant was acquitted of larceny. To sustain a conviction of felonious breaking and entering there need be only the *intent* to commit larceny at the time of the breaking and entering. G.S. 14-54. This assignment of error is overruled.

We have examined defendant's assignments of error to the charge of the court and find them to be without merit. In our opinion, defendant had a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.