State v. Newcomb

STATE OF NORTH CAROLINA v. CHARLIE BRYANT NEWCOMB

No. 759SC199

(Filed 16 July 1975)

Homicide § 21— death by shooting — involuntary manslaughter — sufficiency of evidence

　　Evidence was sufficient to be submitted to the jury in a prosecution for involuntary manslaughter where it tended to show that

defendant knowingly took a loaded pistol to a public area where he knew others had a right to gather, defendant ostentatiously brandished the weapon when deceased walked up to his car, and the gun discharged killing deceased.

APPEAL by defendant from *Hall, Judge*. Judgment entered 8 November 1974 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 8 May 1975.

Defendant was charged in a bill of indictment with the felony of murder. After a plea of not guilty and the presentation of the State's evidence, the court allowed defendant's motions for nonsuit as to second degree murder and voluntary manslaughter but overruled the motion for nonsuit as to involuntary manslaughter.

Following defendant's presentation of evidence and his renewal of his motion for nonsuit, the jury returned a verdict of guilty of involuntary manslaughter and defendant was sentenced to four years in the custody of the Commissioner of Correction as a "Committed Youthful Offender."

*Attorney General Edmisten, by Associate Attorney T. Lawrence Pollard, for the State.*

*Currin & Cross; Watkins, Edmundson & Wilkinson, by James E. Cross, Jr., for defendant appellant.*

VAUGHN, Judge.

The only question is whether defendant's motion for nonsuit made at the close of all the evidence should have been allowed.

It was stipulated that Gary Curl died as a result of a pistol wound inflicted when a pistol held by defendant was discharged.

The evidence, taken in the light most favorable to the State, tends to show the following.

On the afternoon of 27 April 1973, defendant took a pistol from his father's wardrobe. About 11:00 p.m. he took the loaded weapon to the "Tasty Freeze" in Creedmoor. He went there to talk with Billy Turner about a girl the two had been dating. Defendant and one Wayne Tippett were seated in defendant's automobile. Michael Turner and Billy Turner were outside the car. The Turners and defendant were discussing a previous misunderstanding. Defendant had the pistol in his belt. He

"showed" the gun to the Turners. He told Billy Turner that the reason he had the pistol was because he was aware of prior trouble between Turner's cousin and defendant's brother. The misunderstanding among the group was apparently clarified and they were "just talking, laughing, and carrying on." There was beer in the car but defendant said that he had not had but one swallow.

Gary Curl, the deceased, walked up to the passenger side of the car and was talking to Tippett. Defendant had never seen Curl before. Defendant took the pistol from his belt to "show" it to Curl. Defendant raised the pistol to chest level, it fired and the bullet entered Curl's head through the left eye. Defendant said, "Goddamn, did I hit him?" Defendant threw the pistol on the floor of the car and left the scene. He left his car at a bank. A police officer later stopped a car operated by Tippett as it was going along U. S. Highway 15. Defendant, a passenger in that vehicle, was arrested and taken to jail. Defendant's father later gave the police the pistol and stated that he had not known that defendant had taken the gun.

The evidence must not only be considered in the light most favorable to the State but the State must be given the benefit of every reasonable inference that might arise therefrom. We hold that the evidence was sufficient to go to the jury on the question of involuntary manslaughter.

"Involuntary manslaughter is the unlawful killing of a human being unintentionally and without malice but proximately resulting from the commission of an unlawful act not amounting to a felony, or some act done in an unlawful or culpably negligent manner . . . '[c]ulpable negligence under the criminal law is such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.'" *State v. Williams*, 231 N.C. 214, 56 S.E. 2d 574.

The evidence clearly permits the jury to find that the deceased was killed because of defendant's reckless, heedless and thoughtless disregard of the safety of others. Defendant knowingly took a loaded pistol to a public area where he knew others had the right to gather. His avowed reason was to discuss an earlier "misunderstanding." That misunderstanding having been resolved he ostentatiously brandished the pistol first to the

Turners and again when the deceased walked up. The inherent danger of a loaded pistol is manifest. Defendant's failure to use care commensurate with the dangerous character of the weapon is culpable negligence.

> "Where one engages in an unlawful and dangerous act, such as 'fooling with an old gun,' i.e., using a loaded pistol in a careless and reckless manner, or pointing it at another, and kills the other by accident, he would be guilty of an unlawful homicide or manslaughter." *State v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564.

In *State v. Trollinger,* 162 N.C. 618, 77 S.E. 957, defendant was walking along a public road with a group of people. The crowd was talking and laughing. Defendant had a pistol "fooling with it, and it went off . . . had it out, messing with it, pulling the cartridges out." Another member of the group was shot and killed. Although the court found error in the judge's charge, it held that the case was one for the jury and ordered a new trial. When death ensues from the unjustifiable and reckless use of a gun, it is manslaughter even if it was unintentionally discharged. *State v. Turnage,* 138 N.C. 566, 49 S.E. 913.

The judge's charge is not a part of the record. We assume that the judge properly explained the law arising on the evidence (including that favorable to defendant) to the jury. The finders of the truth have resolved the inferences arising on the evidence against the defendant.

No error.

Judges BRITT and PARKER concur.