STATE OF NORTH CAROLINA v. KAREY HARRIS

No. 7527SC608

(Filed 19 November 1975)

**1. Robbery § 4— attempted armed robbery — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for attempted armed robbery where such evidence tended to show that defendant entered his victim's country store, paid for some purchases, asked his victim for another item and stabbed his victim in the back when the victim turned to obtain the item.

**2. Robbery § 5— attempted armed robbery — failure to submit lesser included offenses — no error**

In a prosecution for attempted armed robbery where all the evidence tended to show that a knife was actually used in the perpetration of the crime charged, the trial court did not err in not instructing the jury on the lesser included offense of common law robbery, nor

did the court err in failing to submit to the jury as one of its permissible verdicts the crime of assault with a deadly weapon since there was no evidence of such a crime of lesser degree.

ON *certiorari* to review defendant's trial before *Falls, Judge.* Judgment entered 10 September 1970 in Superior Court, LINCOLN County. Heard in the Court of Appeals 23 October 1975.

The defendant, Karey Harris, was charged in a bill of indictment, proper in form, with the attempted armed robbery of E. R. Ewing, in violation of G.S. 14-87. The defendant pleaded not guilty and was found guilty as charged. The trial court imposed a prison sentence of 30 years. This court allowed a Petition for Writ of Certiorari 16 July 1975.

*Attorney General Edmisten by Assistant Attorney Robert P. Gruber for the State.*

*C. E. Leatherman for defendant appellant.*

HEDRICK, Judge.

The defendant contends the court erred in denying his motion for judgment as of nonsuit and in the judge's "failing to charge the jury as to lesser included offenses to the Bill of Indictment, such lesser offense included being attempt of common law robbery, assault with a deadly weapon, or attempt of assault with a deadly weapon." The defendant offered no evidence. The State's evidence tended to show the following:

[1]  R. E. Ewing operated a "country store" on Highway 27 east of Lincolnton. On Sunday, 9 August 1970, Ewing opened his store at 7:30 a.m. and about ten minutes later, the defendant drove up in a 1969 Caprice Chevrolet. Defendant asked for two dollars worth of gas. As Ewing pumped the gas, the defendant entered the store. While in the store, the defendant took a popsicle out of the freezer; and when Ewing came into the store, the defendant paid him for the popsicle and the gas. As Ewing gave the defendant his change, the defendant asked for a cold remedy. Ewing went to the shelf to show the defendant what he had; and as he turned his back he "felt a knife enter [his] back." Ewing turned, and the defendant, who stood right behind him, made another lunge at him with the knife. Ewing then saw that the knife had a five or six inch blade. Ewing and the defendant struggled; and as they struggled, Ewing gave a "rebel yell" and they momentarily separated. Ewing ran

behind the counter and got his gun. The defendant fled out the door; and as the defendant got into his car, Ewing fired at him through the front window of the store, hitting the car with several of the shots. After the stabbing, Ewing was hospitalized for three days.

In *State v. Powell,* 6 N.C. App. 8, 12, 169 S.E. 2d 210, 213 (1969), we find the following quoted from an Annotation in 55 A.L.R. 714:

> "In determining whether a person has been guilty of the offense of attempting to commit robbery, the courts are guided by the peculiar facts of each case, in order to decide whether the acts of the defendant have advanced beyond the stage of mere preparation, to the point where it can be said that an attempt to commit the crime has been made. The question is one of degree, and cannot be controlled by exact definition."

The evidence tending to show that the defendant stuck a knife into Ewing's back is sufficient to show that the defendant's conduct had advanced beyond the stage of mere preparation. When the State is given the benefit of every inference reasonably deducible from the evidence, we are of the opinion it is sufficient to show that the defendant attempted to rob Ewing with the use of a dangerous weapon. *State v. Powell,* 277 N.C. 672, 178 S.E. 2d 417 (1971); *State v. Powell, supra.* The evidence was sufficient to require the submission of this case to the jury on the charge of attempted armed robbery.

"'The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The presence of such evidence is the determinative factor.' *State v. Cox,* 11 N.C. App. 377, 181 S.E. 2d 205." *State v. Melton,* 15 N.C. App. 198, 200, 189 S.E. 2d 757, 758 (1972); *cert. denied* 281 N.C. 762, 191 S.E. 2d 359 (1972). "The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of . . . [an included crime of lesser degree than that charged]." *State v. Black,* 21 N.C. App. 640, 643-44, 205 S.E. 2d 154, 156 (1974), *affirmed* 286 N.C. 191, 209 S.E. 2d 458 (1974).

[2] Since all of the evidence in the present case tended to show that a knife was actually used in the perpetration of the

---

**State v. Harris**

---

crime charged, the trial judge did not err, as contended by defendant, in not instructing the jury on the lesser included offense of common law robbery.

"The crime of robbery includes an assault on the person. *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). The crime of armed robbery defined in G.S. 14-87 includes an assault on the person with a deadly weapon. The crime of felonious assault defined in G.S. 14-32(a) is an assault with a deadly weapon which is made with intent to kill and which inflicts serious injury. These additional elements of the crime of felonious assault are not elements of the crime of armed robbery defined in G.S. 14-87." *State v. Richardson,* 279 N.C. 621, 628, 185 S.E. 2d 102, 107 (1971). Therefore, even though the crime of attempted armed robbery as defined in G.S. 14-87 includes the crime of assault with a deadly weapon, the absence of any evidence in the present case that the defendant committed such a crime of lesser degree made it unnecessary for the court to submit to the jury as one of its permissible verdicts the crime of assault with a deadly weapon. The mere possibility that the jury might have accepted the State's evidence in part and rejected it in part and find the defendant guilty of assault with a deadly weapon did not require Judge Falls to submit that offense to the jury as one of its permissible verdicts.

We have carefully considered the remaining assignments of error brought forth and argued in defendant's brief and find them to be without merit. The defendant had a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.