STATE OF NORTH CAROLINA v. BILLY LEE HANCOCK

No. 7522SC702

(Filed 17 December 1975)

**Homicide § 30— intentional use of gun — failure to submit involuntary manslaughter**

The trial court in a homicide case did not err in failing to submit involuntary manslaughter as a permissible verdict where all of the evidence tended to show that the victim's death was caused by the intentional use of a gun by defendant, notwithstanding defendant testified the gun was fired in the air two or three times and the gun thereafter snapped twice when he pulled the trigger and he "thought the gun was empty."

APPEAL by defendant from *Seay, Judge.* Judgment entered 19 March 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 21 November 1975.

The defendant was charged in a bill of indictment, proper in form, with the murder of Pearl Eugene McWilliams. On the defendant's plea of not guilty the State offered evidence tending to show the following:

In the afternoon of 1 June 1974 Pearl Eugene "Codger" McWilliams and Homer Hancock, brother of the defendant, were involved in a fight; and Homer had struck Codger in the head with a metal bar. After the fight was broken up, Codger, along with Bobby Trivette and Paul Daniels, went looking for a gun;

but they had been unsuccessful. They went finally to Charlie Hill's house on Noahtown Road near Thomasville, North Carolina; and as they began backing out of the Hill's driveway, the defendant's car drove up, blocking them in, followed by Homer in his car. As Codger got out of the car, the defendant threatened him with a .22 pistol. Codger went over to the defendant and struck him with his fist. A struggle ensued with Codger trying to take the gun away. Several shots were fired in the air before the defendant knocked Codger back away from him. As Codger came at the defendant again, the defendant shot him in the stomach. Codger was taken to the hospital where he died as a result of the gunshot wounds.

The defendant's evidence tended to show that as Homer and the defendant were driving home in their cars, Codger had blocked Noahtown Road with Trivette's car and stopped both Homer's and the defendant's cars near Charlie Hill's house. Codger and Bobby Trivette got out of Trivette's car and started back toward Homer's car. Codger had a tire tool in his hand and threatened to kill Homer. It was then that the defendant intervened. The fight between defendant and Codger ensued, and the defendant shot Codger as he was coming toward the defendant with the tire tool.

From a verdict of guilty of voluntary manslaughter and a judgment imposing a prison sentence of twenty (20) years, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*Charles F. Lambeth, Jr., for defendant appellant.*

HEDRICK, Judge.

The defendant assigns as error the trial court's failure to submit involuntary manslaughter as a permissible verdict. The defendant contends that his statement, "I thought the gun was empty," particularly when coupled with other evidence in this case, is sufficient to require the question of involuntary manslaughter to be presented to the jury.

"Where, under a bill of indictment, it is permissible to convict defendant of a lesser degree of the crime charged, and there is evidence to support a milder verdict, defendant is entitled to have the different permissible verdicts arising on the

evidence presented to the jury under proper instructions. (Citations omitted.)" *State v. Wrenn,* 279 N.C. 676, 681, 185 S.E. 2d 129, 132 (1971). "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954); *State v. Melton,* 15 N.C. App. 198, 200, 189 S.E. 2d 757, 758 (1972), cert. denied 281 N.C. 762, 191 S.E. 2d 359 (1972).

Involuntary manslaughter is the unlawful killing of a human being unintentionally and without malice but proximately resulting from the commission of an unlawful act not amounting to a felony, or some act done in an unlawful or culpably negligent manner, (citations omitted), and where fatal consequences of a negligent act were not improbable under all the facts existent at the time." *State v. Williams,* 231 N.C. 214, 215-16, 56 S.E. 2d 574, 574-75 (1949).

With respect to the gun and its use, defendant testified:

"[T]here was a .22 under the seat. * * * When I see the gun I jerked it up and from the side you load it you could see two bullets. I didn't know how many it held or how many more were in it—I stuck it in my pocket and jumped out."

"When the Trivette boy and Codger started with the tire tool I jerked the gun out then and pointed it at him and told him not to come at me with the tire tool. If he did I would shoot him. * * * I throwed it straight up in the air. Then the gun went off three or four times and snapped two or three times. I don't know exactly how many times. * * * I thought the gun was empty. I didn't know how many it held. I didn't know how many times it had fired or snapped."

"When he started at me again I pulled the trigger and when I pulled the trigger the gun snapped. He heard it snap and stopped just a second. When he seen it didn't fire he had the tire tool in his hand when he started at me the second time. I pulled the trigger. The gun snapped again. He heard it snap, stopped just a second and seen it didn't fire; started a third time; by this time he was about three feet from me,

State v. Hancock

I guess, done up on the shoulder of the road there. Third time when he started at me, that's when I pulled the trigger again. The gun fired and shot him in the lower part of the stomach."

The defendant relies heavily on the following statement from *State v. Foust,* 258 N.C. 453, 459, 128 S.E. 2d 889, 893 (1963):

"It seems that, with few exceptions, it may be said that every unintentional killing of a human being proximately caused by a wanton or reckless use of firearms, in the absence of intent to discharge the weapon, or in the belief that it is not loaded, and under circumstances not evidencing a heart devoid of a sense of social duty, is involuntary manslaughter."

The quoted statement has no application in this case, since all of the evidence tends to show that Codger's death was proximately caused by the *intentional* use of a gun by the defendant, rather than "a wanton or reckless use of firearms" as described in Foust, *supra.*

In our opinion, any construction of defendant's evidence manifests his intention to fire the gun at Codger. For defendant's subjective self-serving declaration that he thought the gun was empty to be sufficient to require the submission of involuntary manslaughter as a permissible verdict, it must be accompanied by evidence of other facts and circumstances sufficient to raise an inference that the discharge of the firearm was in fact unintentional. The defendant's one assignment of error is not sustained.

No error.

Judges PARKER and ARNOLD concur.