STATE OF NORTH CAROLINA
v.
DAVID MICHAEL WEST.
No. COA08-47
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General E. Burke Haywood, for the State.
William D. Spence for juvenile-appellant.
MARTIN, Chief Judge.
Defendant appeals from judgments entered on jury verdicts finding him guilty of attempted robbery with a knife and assault with a deadly weapon with intent to kill inflicting serious injury .
Defendant contends the trial court erred by: (1) failing to dismiss the charge of attempted robbery with a knife at the close of all the evidence; (2) failing to dismiss the charge of assault with a deadly weapon with intent to kill inflicting serious injury at the close of all evidence; (3) refusing to instruct the jury on eyewitness identification as requested by defendant; and (4)peremptorily instructing the jury that a knife is a deadly weapon. Defendant also contends he was denied effective assistance of counsel. For the following reasons, we find no error.
The State presented evidence tending to show that on 24 June 2005, Patricia Fitzgerald arrived at her job site as a sales associate at GB Shoes on High Point Road in Greensboro. As she was getting out of her car, a man stood at her door and said, "Give me your money." She reached into her pocket and gave him her money. The man, whom she identified as defendant, then asked for her pocketbook and ATM card. She told defendant that she did not have those items. Defendant then asked for her car keys and told her to get in the passenger seat. Once in the car, Ms. Fitzgerald hit the car horn and attempted to unlock the passenger door. Defendant then stabbed Ms. Fitzgerald three times in the left chest area with a knife. Ms. Fitzgerald also sustained three defensive stab wounds to her hands. Ms. Fitzgerald described the knife as having a blade about three to four inches long. She received stitches for her wounds and stayed overnight in a hospital. Ms. Fitzgerald still has scars from the knife wounds.
Ms. Fitzgerald's boss, Jonathan Rathert, saw the incident and came to her aid. He grabbed Ms. Fitzgerald and pulled her away from the car. At that point the man, whom he identified as defendant, ran away. Sally Klepcyk also witnessed the incident and dialed 911 on her cell phone. She also identified defendant as the assailant.
Officers of the Greensboro Police Department were dispatched to the location and obtained a description of the perpetrator from Rathert. The description was broadcast to other officers and subsequently a person matching the description of the perpetrator was located.
Detective Anders Lyndrup of the Greensboro Police Department testified that, on the morning of 24 June 2005, he was driving his unmarked car in the High Point Road area about a quarter to a half mile away from the GB Shoes store when he observed defendant walking along Farmington Road. He stopped defendant and asked him if he would accompany him to a location where a robbery had just occurred. Defendant agreed and said, "I can tell you right now that I didn't do it, because I wasn't in the area you're going to." Detective Lyndrup asked defendant how he knew that. Defendant did not respond. Ms. Fitzerald immediately identified defendant as the person who stabbed her.
Defendant testified and denied committing any crime.
Defendant contends the trial court erred by failing to dismiss the charges at the close of all the evidence. Although defendant moved to dismiss at the close of the State's evidence, defendant offered evidence thereby waiving his right to assign error to the denial of the motion. N.C.R. App. P. 10(b)(3) (2008). Defendant did not renew the motion to dismiss at the close of all of the evidence, also resulting in a waiver of the right to challenge on appeal the sufficiency of the evidence at trial. Id.; State v. Spaugh, 321 N.C. 550, 552, 364 S.E.2d 368, 370 (1988). Defendant urges this Court to conduct plain error review of the issue. Plain error analysis, however, is limited only to instructions to the jury and evidentiary matters. State v. Atkins, 349 N.C. 62, 81, 505 S.E.2d 97, 109 (1998), cert. denied, 526 U.S. 1147, 143 L. Ed. 2d 1036 (1999). We overrule these assignments of error.
Defendant next contends that his trial attorney's failure to renew the motion to dismiss the charges at the close of all the evidence constituted ineffective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citing Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)), cert. denied, ___ U.S. ___, 166 L. Ed. 2d 116 (2006). "Generally, `to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Wiggins v. Smith, 539 U.S. 510, 534, 156 L. Ed. 2d 471, 493 (2003)).
We conclude that, even if counsel had renewed the motion to dismiss at the close of the evidence, the result of this appeal would not be any different. A motion to dismiss requires a court to examine the evidence and determine whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. See State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). We find ample evidence to establish every element of the two offenses and to identify defendant as the perpetrator. A s such, defendant's ineffective assistance of counsel claim fails.
Defendant next argues that the trial court erred by refusing to instruct the jury on eyewitness identification, as requested by defendant. In lieu of defendant's requested instruction, the trial court gave North Carolina Pattern Jury Instruction for Criminal Cases 104.90, entitled "IDENTIFICATION OF A DEFENDANT AS PERPETRATOR OF A CRIME." The court instructed the jury as follows:
Members of the jury, I instruct you further that the State of North Carolina has the burden of proving the identity of Mr. West as the perpetrator of the crimes charged here beyond a reasonable doubt. By this  this means, members of the jury, that you, the jury, must be satisfied beyond a reasonable doubt that Mr. West was the perpetrator of the crime charged before you may return a verdict of guilty.
Defendant requested that the court also instruct the jury to consider: the capacity and opportunity of the witness to make an observation; the mental and physical condition of the witness; the length of time of the observation; the manner in which the witness was confronted by the defendant after the alleged offense; and any circumstances which might have influenced the witness in making an identification.
"[T]he trial court is not required to give a requested instruction in the exact language of the request. However, when the request is correct in law and supported by the evidence in the case, the court must give the instruction in substance." State v. Monk, 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976). "The defendant bears the additional burden, when challenging a jury instruction, to show that the jury was misled or misinformed by the charge as given . . . or that a different result would have been reached had the requested instruction been given." State v. Carson, 80 N.C. App. 620, 625, 343 S.E.2d 275, 278 (1986) (citations omitted).
Whether the identification issue is such a substantial feature of the case that the trial court is required to give instructions specifically dealing with the relevant factors involved in either a confrontation identification or photographic identification depends on the evidence in each case. If the evidence strongly suggests the likelihood of irreparable misidentification, the identification issue would become a substantial feature of the case, and the trial judge is required, even in the absence of a request, to properly instruct the jury as to the detailed factors that enter into the totality of the circumstances relating to identification.
State v. Kinard, 54 N.C. App. 443, 446, 283 S.E.2d 540, 543 (1981).
Here, the evidence does not suggest a strong likelihood of irreparable misidentification. Three witnesses, having ample opportunity to observe the undisguised perpetrator in broad daylight, without any hesitation or doubt identified defendant as the perpetrator of the offense. We conclude that the court's charge did not mislead or misinform the jury and that its failure to give the requested charge did not have an impact upon the jury's verdict.
Finally, defendant argues the trial court erred by peremptorily instructing the jury that a knife is a deadly weapon as a matter of law. Defendant contends that the State's failure to offer the actual knife or a sufficient description of the knife into evidence, combined with the non-serious nature of the victim's wounds, presented a factual question to the jury of whether or not the knife was a deadly weapon. "Where the weapon is described in detail or is introduced into evidence and the manner of its use is of such character as to admit but one conclusion, the question of whether it is a dangerous weapon is a question of law." State v. Rowland, 89 N.C. App. 372, 379, 366 S.E.2d 550, 554, disc. review improvidently allowed, 323 N.C. 619, 374 S.E.2d 116 (1988). The victim testified that the knife used by defendant had a blade three to four inches long.
We have held that a knife having a blade of the same size or smaller is a deadly weapon as a matter of law. See id. at 380, 366 S.E.2d at 554 (finding a knife having a blade of one and one-half to three inches long is a deadly weapon per se); State v. Cox, 11 N.C. App. 377, 380, 181 S.E.2d 205, 207 (1971) (stating a knife having a blade three inches long is a deadly weapon as a matter of law). We therefore conclude that the court did not err.
No error.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).