An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-64
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014


STATE OF NORTH CAROLINA

  v.                                    Cumberland County
                                        No. 01 CRS 53303
JERRY McNEILL



Appeal by Defendant from judgments entered 26 September 2013 by Judge James F. Ammons, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 19 May 2014.


*Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Bruce T. Cunningham, Jr., for Defendant.*


Dillon, Judge.


I. Background

On 24 January 2002, a Cumberland County jury entered verdicts convicting Defendant Jerry McNeill of attempted robbery with a dangerous weapon, first degree burglary, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. Defendant pleaded guilty to attaining habitual felon status and was sentenced to

three consecutive terms of 116 to 149 months imprisonment. On appeal, this Court affirmed Defendant's convictions, but remanded for resentencing based on an error made by the trial court in determining Defendant's prior record level. *State v. McNeill*, 158 N.C. App. 96, 580 S.E.2d 27 (2003). On remand, the court imposed three consecutive sentences and one concurrent sentence of 100 to 129 months imprisonment. These sentences were upheld by this Court in *State v. McNeill*, No. COA04-1092 (Mar. 1, 2005) (unpublished).

Defendant subsequently filed a motion for appropriate relief (MAR), seeking a new resentencing based upon alleged ineffective assistance of counsel during his initial resentencing. The MAR asserted that defense counsel at Defendant's resentencing failed to introduce and argue certain mitigating factors that could have potentially reduced Defendant's sentences. Defendant's MAR request for a new resentencing was granted by order entered 23 September 2013, and the matter came on for hearing in Cumberland County Superior Court on 26 September 2013. Following the resentencing hearing, the court entered an order vacating Defendant's previous sentences, but imposing the same three consecutive sentences of

100 to 129 months imprisonment. From this order, Defendant appeals.

## II. Analysis

### A. Defendant's Burglary Conviction

Defendant's first two arguments on appeal pertain to the merits of his first degree burglary conviction. As indicated above, this Court has already affirmed Defendant's convictions, including his conviction for first degree burglary. *McNeill*, 158 N.C. App. 96, 580 S.E.2d 27. Defendant had the opportunity to raise these contentions in his first appeal to this Court and is now procedurally barred from asserting them. *State v. Speaks*, 95 N.C. 689, 691 (1886) ("As the defense now sought to be set up could as well have been made available when the first appeal was taken, it has passed into the domain of *res judicata*, and cannot now be pressed into service."); *State v. Melton*, 15 N.C. App. 198, 200, 189 S.E.2d 757, 758 (1972). Defendant's arguments on this issue are, accordingly, dismissed.

### B. Defendant's Mitigating Evidence

Defendant next contends that "the sentencing judge failed to find the existence of mitigating factors which were uncontroverted and manifestly credible." We disagree.

N.C. Gen. Stat. § 15A-1340.16 provides, in pertinent part, that "[t]he court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a) (2013). Our Supreme Court has offered the following additional guidance:

> Except for Class A felonies and other offenses for which a particular punishment is set by statute, the range of sentences that the trial court may impose becomes known only after a series of findings and calculations. After a jury returns its verdict or verdicts, it must then determine whether any submitted aggravating factors exist, thereby permitting a defendant's sentence to be enhanced. In addition, the court independently determines whether any submitted mitigating factors also exist and, if so, whether the factors in aggravation outweigh the factors in mitigation, or the factors in mitigation outweigh the factors in aggravation, or the factors are in equilibrium. After weighing aggravating factors found by the jury and mitigating factors found by the court, the court decides whether to impose an aggravated, presumptive, or mitigated sentence.

*State v. Lopez*, 363 N.C. 535, 539, 681 S.E.2d 271, 274 (2009) (internal citations omitted). "A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion."

*State v. Rogers*, 157 N.C. App. 127, 129, 577 S.E.2d 666, 668 (2003).

Here, Defendant introduced testimony from a number of family and friends at his resentencing hearing, in the hope that this testimony would persuade the court to "find mitigating factors of a support system in the community, positive employment and support of his children." The court ultimately determined, however, that "nothing . . . ha[d] been presented to the Court in way of mitigation that would justify a mitigated sentence" and sentenced Defendant within the presumptive range. Defendant contends that the court, in violation of *Lopez*, "took the position that [the court] could make a decision, *before* considering the existence of mitigating circumstances, to sentence in the presumptive range." (Emphasis in original). Defendant predicates this contention on an inquiry made by the court at the resentencing hearing concerning whether the court was permitted, within its discretion, to "simply find a sentence within the presumption range and make no findings[.]" We disagree with Defendant's interpretation of the court's inquiry and analytical process in reaching its decision. Contrary to Defendant's interpretation, the transcript reveals the court's indication that it had, in fact, considered the mitigating

evidence, but that it was acting within its discretion, notwithstanding that evidence, to sentence Defendant within the presumptive range. The court was not required to make findings with respect to the mitigating evidence in sentencing Defendant within the presumptive range, *State v. Garnett*, 209 N.C. App. 537, 550, 706 S.E.2d 280, 288, *disc. review denied*, 365 N.C. 200, 710 S.E.2d 31 (2011); *State v. Dorton*, 182 N.C. App. 34, 43, 641 S.E.2d 357, 363 (2007), and we otherwise discern no violation of *Lopez* or the relevant sentencing provision, N.C. Gen. Stat. § 15A-1340.16, in the court's resentencing of Defendant. Accordingly, this contention is overruled.

## C. Ineffective Assistance of Counsel

Defendant finally contends that, to the extent his arguments have not been preserved for appellate review, "he received ineffective assistance of counsel . . . at both trial and appellate levels." Defendant cites only generally to *Strickland v. Washington*, 466 U.S. 668 (1984), and makes no attempt to explain how he was prejudiced in this respect. We, therefore, deem the issue abandoned. N.C.R. App. P. 28(b)(6).

## III. Conclusion

In light of the foregoing, we affirm the trial court's 26 September 2013 judgments.

AFFIRMED.

Chief Judge MARTIN and Judge STEELMAN concur.

Report per Rule 30(e).